397 So.2d 518 (1981)
STATE of Louisiana
v.
David V. HART.
No. 80-KA-2398.
Supreme Court of Louisiana.
April 15, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Dale G. Cox, Asst. Dist. Atty., for plaintiff-appellee.
John A. Files, Shreveport, for defendant-appellant.
PER CURIAM.
Defendant was charged by bill of information with armed robbery, La.R.S. 14:64, and attempted first-degree murder, in violation of La.R.S. 14:27; 14:30. Following his plea at arraignment of not guilty and not guilty by reason of insanity, the trial court convened a sanity commission in September of 1977. Acting on its recommendation, the court ordered defendant committed to the East Louisiana State Hospital in Jackson. Two years later, at counsel's request, the trial court appointed a second sanity commission and ultimately found defendant competent to stand trial. Accordingly, the state brought defendant before a jury on March 24, 1980, and convicted him as charged on both counts. The trial court sentenced defendant to seventy-five (75) years' imprisonment on the armed robbery count, and fifty (50) years' imprisonment on the charge of attempted murder, the sentences to run consecutively, at least in part.
*519 Defendant has now appealed his convictions to this Court, urging that the sentences are excessive and shock the conscience when imposed upon a person diagnosed as schizophrenic by members of the sanity commission. We have reviewed the trial court's statement of reasons under La. C.Cr.P. Art. 894.1 and find that they adequately support the sentences imposed. Cf., State v. MacDonald, 390 So.2d 1276 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1975). To this extent, we disagree with counsel that the trial court manifestly abused its broad sentencing discretion.
Nevertheless, we note an error patent on the face of the record that will require resentencing. In imposing sentence on the attempted murder charge, the trial court specified that "... at least 25 of that 50 years must be consecutive to [the] sentence for the armed robbery." [emphasis the court's]. La.C.Cr.P. Art. 879, however, requires that a trial court impose "a determinate sentence." As the Official Revision Comment notes, the article was intended to replace the indeterminate sentencing provisions of the 1298 Code which had led to "confusion and inequities."
In this case, the trial court failed to fix the maximum amount of time defendant might spend in jail on his consecutive sentences. Accordingly, we vacate the sentence on the attempted murder charge and remand for resentencing on that count alone. We note here that following this appeal, any increase in the number of consecutive years imposed will require a special justification from the trial court. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
CONVICTIONS AND SENTENCE FOR ARMED ROBBERY AFFIRMED: SENTENCE OF ATTEMPTED FIRST-DEGREE MURDER VACATED AND CASE REMANDED FOR RESENTENCING.