414 So.2d 759 (1982)
STATE of Louisiana
v.
Richard L. LODRIGE.
No. 81-KA-2962.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*760 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Robert W. Gillespie, Jr., Dale G. Cox, Asst. Dist. Attys., for plaintiff-appellee.
Larry Johnson, John L. Landrem, Jr., Shreveport, for defendant-appellant.
PHILIP C. CIACCIO, Justice Pro Tem.[*]
The defendant, Richard L. Lodrige, after waiving a trial by jury, was convicted of attempted aggravated burglary and sentenced to six years imprisonment at hard labor. R.S. 14:60, 14:27). The defendant appeals his conviction and contends that the trial court failed to follow the sentencing guidelines and that the sentence was excessive. C.Cr.P.Art. 894.1.
On October 30, 1980 at 2:30 A.M., the victim, Mrs. Barbara Johnson, heard a noise at the back door of her residence. She left her four year old son asleep in the bedroom, went to the door, and asked who was there. The defendant's reply indicated to the victim that it was the victim's husband who was outside. Mrs. Johnson opened the door and was confronted by the defendant. The defendant first asked for directions and then asked if the victim's husband was at home. Mrs. Johnson told the defendant that her husband was on his way home. The defendant grabbed Mrs. Johnson and tried to force his way into the house. Mrs. Johnson struggled with the defendant and broke free of him several times. A violent struggle took place in her carport and in the nearby yard. The defendant beat her with his fists and kicked her with his cowboy boots. Mrs. Johnson suffered bruises and cuts about her arms, legs and face. She also suffered damage to her front teeth.
The struggle lasted fifteen to twenty minutes and ended when the defendant, realizing he would not succeed in forcing the victim back inside the house, jumped into the car he had parked in the victim's driveway and sped away. The victim fled to a neighbor's home and reported the incident to the police. The defendant was apprehended and picked up approximately four hours after the incident and was positively identified by the victim as her assailant. Upon investigation of the scene, an open knife was discovered in the victim's carport.
In attacking his sentence, the defendant contends that the trial court did not follow the sentencing guidelines in that it failed to give adequate consideration to an important mitigating factor, namely, the alleged state of intoxication of the defendant at the time of the commission of the offense.
The crime of aggravated burglary carries with it a sentence of imprisonment at hard labor of not less than one nor more than thirty years. R.S.14:60. When a person has the specific intent to commit a crime *761 and does or commits an act for the purpose of and tending directly toward the accomplishment of his object, he is guilty of an attempt to commit the offense. R.S. 14:27(A). In such an event, he shall be imprisoned for one-half the time prescribed for the commission of the substantive offense. R.S. 14:27(D)(1), (3).
Prior to sentencing, the trial court must consider and articulate the factors bearing upon its decision to imprison the defendant. C.Cr.P.Art. 894.1(C). The guidelines for sentencing are set forth in the Louisiana Code of Criminal Procedure:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime:
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
(B) The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm:
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm:
(3) The defendant acted under strong provocation:
(4) There was substantial grounds, tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense:
(5) The victim of the defendant's criminal conduct induced or facilitated its commission:
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained:
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime:
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur:
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime:
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(C) The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Moreover, additional mitigating factors are set forth in Louisiana Code of Criminal Procedure Article 905.5:
The following shall be considered mitigating circumstances:
(a) The offender has no significant prior history of criminal activity:
(b) The offense was committed while the offender was under the influence of extreme mental or emotional disturbance:
(c) The offense was committed while the offender was under the influence or under the domination of another person:
(d) The offense was committed under circumstances which the offender reasonably believed to provide a moral justification or extenuation for his conduct:
(e) At the time of the offense the capacity of the offender to appreciate the criminality of his conduct or to conform to the requirements of law was impaired as a result of mental disease or defect or intoxication:
(f) The youth of the offender at the time of the offense:
(g) The offender was a principal whose participation was relatively minor:
(h) Any other relevant mitigating circumstances.
*762 It is apparent from a review of the record that the trial judge followed the sentencing guidelines and considered a multiplicity of factors which had a bearing on the case. The trial judge took into account the defendant's admission that he committed the crime and that he desired to straighten out his life. The good family background and steady work history of the defendant, as well as the effect imprisonment would have upon his family, were factors considered by the trial judge. Although the court considered that the defendant had no history of prior criminal activity and his family intended to defray some of the medical expenses incurred by the victim, it also noted that the defendant acted without provocation; that he must have contemplated that his actions would cause serious harm together with the impact that such an ordeal would have upon the victim.
In sentencing the defendant, the court stated that it had intended to impose a sentence of twelve to fifteen years, but, after considering all the circumstances, it decided to impose a six year sentence. The court concluded that the defendant was in need of correctional treatment. The trial court judge was of the opinion that there was an undue risk that the defendant would commit another crime and that any lesser sentence would deprecate the seriousness of this offense. The record supports the fact that the trial judge considered the sentencing guidelines and mitigating factors which affected this defendant's case.
More particularly, the trial court considered the allegation of the defendant that he was intoxicated at the time of the commission of the offense. The trial court concluded that the evidence did not support this allegation.
The ruling of the trial judge on a question of fact is entitled to great weight. State v. Overton, 337 So.2d 1058 (La.1976). Although the Supreme Court of Louisiana has the right to review the discretionary acts of the trial court, a ruling of the trial court will not be disturbed absent a clear abuse of discretion. State v. Nicholas, 312 So.2d 856 (La.,1975).
We have reviewed the record in this matter and we concur with the trial court that the defendant failed to prove the allegation of intoxication. The record reveals and the trial court observed that, on the night of the offense, the defendant was stopped by Officer M. A. Rogers shortly after he left the Johnson residence. The officer testified that he did not arrest the defendant for driving while intoxicated because he felt the defendant was not under the influence of alcohol. The trial court did not abuse its discretion in this regard.
The defendant next argues that the sentence imposed upon him is excessive.
The trial judge's reasons for imposition of sentence are an aid to the Supreme Court in its review of a sentence which is alleged to be excessive. State v. Stegall, 377 So.2d 103 (La.,1979). The sentencing guidelines provide criteria by which the Supreme Court can measure whether a sentence, which is within statutory limits, is nevertheless excessive by reason of its length or its nature. C.Cr.P. Art. 894.1. State v. Ortego, 382 So.2d 921 (La.,1980), cert. den. 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58. As a general rule, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.,1980). That is, to determine if the penalty is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its commission and thus ascertain whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beaver, 382 So.2d 943 (La.,1980).
In this case, the record reveals that the defendant, a man of approximately 6 feet, weighing in excess of two hundred pounds, came to the home of the victim, a woman living alone with her four year old son, at 2:30 in the morning. He attempted to pry open her door with a knife, but was unsuccessful. He gained entry by using an alias. Once the door was opened, the defendant *763 tried to physically force his entry into the residence. In an attempt to protect herself and her minor son, who was asleep in the residence, Mrs. Johnson ran from the house when she was able to break free of the defendant's grasp. The defendant overtook the victim and a violent struggle ensued in which the defendant continually beat the victim about the face and head with his clenched fist and kicked her with pointed cowboy boots. On several occasions, he physically lifted her, in attempts to force her back inside the house. Mrs. Johnson suffered cuts and bruises on her face, legs and arms. Her teeth were loosened in the altercation. Besides the physical damage she sustained, she suffered the trauma of the incident, which included the fear for herself and her minor child.
In view of the effects of the commission of this crime, the defendant's sentence of six years at hard labor is not grossly disproportionate to the crime. The trial judge did not impose an excessive sentence under the circumstances of this case. The assignment of error lacks merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche, Watson.