422 So.2d 1144 (1982)
STATE of Louisiana
v.
Bobby D. KEENEY.
No. 81-KA-2097.
Supreme Court of Louisiana.
November 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Louise Korns, W.C. Douglas Friederichsen, William C. Credo, Asst. Dist. Attys., for plaintiff-appellee.
Marco A. Rosamano, New Orleans, for defendant-appellant.
BLANCHE, Justice.
Defendant Bobby Keeney pleaded guilty to one count of simple burglary, a violation of LSA-R.S. 14:62. Following a pre-sentence investigation, the defendant was sentenced to three years at hard labor. In appealing his sentence, the defendant assigns two errors.
*1145 The circumstances surrounding the commission of the offense are as follows: on August 27,1980, two Jefferson Parish sheriff's deputies responded to a burglar alarm at a business in Jefferson, Louisiana. A witness had observed the defendant and another man loitering near the business just a few minutes before the police arrived. The deputies observed the defendant and the other man running from the establishment and apprehended the defendant as he tried to leap a nearby fence. The other man escaped. The only items taken were a clock radio and a stone paper weight, both of which were promptly returned to their owner.
In his first assignment of error, the defendant argues that the trial court did not comply with the guidelines of La.C.Cr.P. art. 894.1 in imposing sentence. Because we find this case dispositive on this issue, we do not address the second assignment.
The trial judge, in imposing sentence, stated as follows:
"This is the sentence which [the defendant] could be sentenced to, as much as twelve years at hard labor. The court at this time, because of the man's previous problems with drugs and because of the seriousness of this crime and because the court believes if he were released on probation that he would involve himself in other criminal activity and because any lesser sentence would deprecate the seriousness of the crime.
The court hereby sentences the defendant... to serve at hard labor for a term of three years."

* * * * * *
Under La.C.Cr.P. art. 894.1, the trial judge must state the considerations taken into account and the factual basis therefor in imposing sentence. While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guidelines in particularizing the sentence to the defendant. State v. Duncan, 420 So.2d 1105 (La.1982); State v. Guiden, 399 So.2d 194 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981). The judge should indicate that he has considered not only the factors militating for incarceration but also any factors militating against it. State v. Franks, 373 So.2d 1307 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979).
In sentencing Bobby, the trial judge stated that he felt there was an undue risk that the defendant would become involved in other criminal activity during a suspended sentence or probation because of his "previous problems with drugs" and due to the "serious nature" of this particular crime. The record reflects that the defendant was extremely intoxicated at the time of the offense. The pre-sentence investigation revealed that he had previously contracted hepatitis, probably from injection of the drug preludin. Thus, the trial judge's observation as to the defendant's "drug problem" is probably accurate, especially in light of Keeney's admission to previous use of the drug. Although burglary is a crime of a serious nature, our review of the record shows that the defendant's participation in the crime was at his roommate's insistence. It appears that it was the other man who actually broke into the building while the defendant remained outside as a lookout. Defendant represented that his participation in the crime was minimal and occasioned by his drunken condition. The only items taken were of insignificant value, and both were promptly returned to their owner.
This crime represents the defendant's first felony conviction. He has no juvenile record. He was 26 years old at the time of the offense and has an excellent work record. Additionally, the defendant has made a showing that he will be guaranteed employment upon his release from jail. Although he has had a history of alcohol abuse, the defendant has offered to undergo treatment for the problem.
Outwardly, it appears that the defendant has come from a stable background. His father is a police lieutenant in Amarillo, Texas. The defendant was honorably discharged from the navy with a rank of E-3 *1146 and attended one year of college in Amarillo, where he majored in electronics. His reason for leaving was financial, a problem not uncommon among today's college-age youth. In general, the defendant has shown that he recognizes the gravity of his wrongdoing and remains contrite. At the "boykinization" hearing, on questioning by the prosecutor, the defendant offered to identify the man who broke into the building and to testify against him at trial.
In our opinion, these mitigating factors represent a strong case for a jail term or suspended sentence with strong probationary measures to control the defendant's drug and alcohol abuse. We do not believe that the circumstances of this case justify the trial judge's conclusion that there is an undue risk that the defendant would become involved in other criminal activity during a suspended sentence and probation. As we noted above, the defendant is a first offender with no juvenile record and has expressed a willingness to work. We also believe that even though the trial judge had information on these mitigating factors, they were not expressly articulated in the sentencing colloquy and were possibly overlooked. In cases with such strong mitigating circumstances, unless the record accurately reflects that they were properly considered, it is impossible for us to safely say that they were accorded their proper weight, and the sentence may appear to have been arbitrary and excessive. State v. Williams, 397 So.2d 1287 (La.1981); cf. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Gambino, 362 So.2d 1107 (La.1978).

DECREE
For these reasons, we vacate the sentence of the defendant, Bobby Keeney, and remand the case to the trial court for re-consideration of the mitigating factors in light of the observations herein, and for re-sentencing in accordance with La.C.Cr.P. art. 894.1.
VACATED AND REMANDED.
WATSON, J., dissents.