522 So.2d 1249 (1988)
STATE of Louisiana
v.
Ridge LEGENDRE.
No. KA 8044.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Writ Denied April 29, 1988.
Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for appellant.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant Ridge G. Legendre appeals his conviction by the trial judge for second degree battery and the imposition of the maximum penalty of five years at hard labor. He asserts two assignments of error: (1) That there was insufficient evidence to find him guilty beyond a reasonable *1250 doubt and (2) That the penalty is excessive. We affirm the conviction, but remand the case for resentencing in keeping with the standards articulated in this opinion.
Facts
On August 25, 1986 at approximately 5:30 p.m., Mrs. Rosita Appel, the defendant's sister, was standing on her front porch when she saw the defendant drive up to her house. After greeting her brother, who was accompanied by his girlfriend, Mrs. Appel went into her house, then went to the second floor of her residence to watch television. She testified that her brother was not allowed inside her house when he was not taking the medication he used to control his mental health problems. Since she knew he was not taking his medicine on the day in question, she said she did not expect him to enter her house.
When Mrs. Appel returned to the ground floor of the house after watching television, she saw her brother seated at the table in the breakfast area. She asked him what he was doing in the house, but he refused to respond. While pretending to mix the defendant a drink, Mrs. Appel dialed the emergency number. While she was talking on the phone, the defendant slammed his fist through the glass top of the breakfast table, then picked the table up and threw it in Mrs. Appel's direction. The table did not hit Mrs. Appel because it would not go through the door between the breakfast area and the kitchen where the telephone was located. However, the defendant himself then entered the kitchen, grabbed Mrs. Appel by the neck and lifted her over his head, saying "I'm going to kill you." The defendant then threw her on the floor.
Mrs. Appel testified that she may have been unconscious, and that she was certain that she was immobile for an unspecified period of time. When she could move, she crawled into the living room and pressed her burglar alarm, then crawled to the couch to lie down. Her brother then reentered the house by breaking through the door which had been locked after he went outside. He did not touch the victim again and left the house after locating his car keys.
The police arrived approximately one minute after the defendant left. They offered to call a "crash unit," but Mrs. Appel declined, preferring to wait for her husband to take her to the hospital. When she arrived at Mercy Hospital, she was examined by the emergency room staff, who took x-rays and insisted she remain overnight because of the possibility that her spleen might rupture, which could result in death before she could get back to the hospital.
Only Mrs. Appel's testimony was presented at trial. She stated that she was in extreme pain which was not alleviated by the medication prescribed and that she was unable to work full time for several weeks following the incident. She also claimed to have returned to the emergency room on two other occasions, September 9 and September 19, 1986, because the pain was so intense. No medical records were presented at trial, but Mrs. Appel did submit emergency room bills to document those visits.
On October 16, 1986, the State filed a bill of information charging the defendant with second degree battery in violation of LSA-R.S. 14:34.1. The defendant pled not guilty. Following a hearing on the findings of a sanity commission, the defendant was ruled competent to stand trial. On February 17, 1987, trial commenced. The defendant was found guilty as charged by the judge and a pre-sentence investigation was ordered on the request of defense counsel. The defendant was sentenced to the maximum sentence of five years at hard labor on May 26, 1987.
ASSIGNMENT OF ERROR NO. 1
The defendant alleges that the State failed to present sufficient evidence to find him guilty of second degree battery beyond a reasonable doubt because it failed to show that the victim suffered serious bodily injury, as required by LSA-R.S. 14:34.1.
The statute defines second degree battery as "a battery committed without the consent of the victim when the offender *1251 intentionally inflicts serious bodily injury." LSA R.S. 14:34.1. "Serious bodily injury" is defined for purposes of the statute as follows:
... bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Id. "Extreme physical pain" as used in this statute refers to "a condition which most people of common intelligence can understand;" the term is considered subjective in nature and susceptible to interpretation. State v. Thompson, 399 So.2d 1161, 1168 (La.1981).
The elements of second degree battery have been listed as follows: (1) the intentional use of force or violence upon the person of another, (2) without the consent of the victim and (3) when the offender has the specific intent to inflict serious bodily injury. State v. Fuller, 414 So.2d 306 (La. 1982).
The relevant inquiry in reviewing a conviction for sufficiency of the evidence is "whether, after viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). (Emphasis in original.)
The record in the instant case indicates that all three elements of second degree battery, listed above, were present in the instant case. The defendant threw a glass table at the victim, then picked her up over his head and threw her on the floor. He told her that he was going to kill her. The trial judge could properly infer from these circumstances that the defendant had the necessary specific intent to inflict serious bodily injury on the victim.
The defendant claims the prosecution failed to prove "serious bodily injury," one of the necessary elements of the crime. However, the victim testified she was immobile for a period of time after she hit the floor and even claims that she may have been unconscious, at least momentarily. She stated that she was forced to crawl on her hands and knees until she could get assistance. She asserted repeatedly that she suffered intense pain, which prevented her from working full time and forced her to seek medical assistance three times in the three-week period following the incident. She stated that there was danger that her spleen would rupture, which is considered a life-threatening condition, as a result of the attack. All of this testimony was uncontested at the trial. As noted above, the statute expressly states that "serious bodily injury" involves, inter alia, unconsciousness, extreme physical pain and substantial risk of death. LSA-R.S. 14:34.1. After reviewing this evidence in the light most favorable to the prosecution, we conclude that the State presented sufficient evidence to prove all the elements of second degree battery, including the fact that the defendant inflicted serious bodily injury. Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, the defendant claims that the five-year maximum penalty for second degree battery imposed by the trial judge was excessive.
The Louisiana Constitution prohibits the imposition of excessive punishment. La. Const. Art. I, Section 20. Trial judges are vested with wide discretion in imposing sentences; however, that discretion is not unbridled. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982); appeal after remand 446 So.2d 1210 (La.1984). A sentence may be found to be unconstitutionally excessive when considered in light of the particular defendant and the circumstances of the particular crime even if it falls within the statutory limit. Id.
This principle is especially relevant when the maximum penalty has been imposed. Maximum sentences are considered particularly suspect because they are reserved for the most serious violation of the charged offense and the worst kind of offender. State v. Santee, 464 So.2d 922, *1252 926 (La.App.4th Cir.1985). Maximum sentences can be justified only in cases classified as "extreme" by the factual circumstances of the offense and the apparent dangerous proclivities of the defendant. State v. Ransome, Ail 441 So.2d 425, 428 (La. App. 2d Cir.1983). "Nothing else will justify the great sentencing discretion given the trial judge in Louisiana." State v. Jones, 398 So.2d 1049, 1053 (La.1981).
La.C.Cr.P. art. 894.1(C) requires that the trial judge state for the record the considerations taken into account and the factual basis therefor in imposing sentence. The judge in the instant case made the following statement at the sentencing hearing:
The defendant stands convicted of the crime of second degree battery. The Court has considered sentence pursuant to Code of Criminal Procedure, Article 894.1 A and B, and in accordance with Code of Criminal Procedure, Article 894.1 C, hereby states for the record the considerations taken into account and the factual basis, therefor, in imposing sentence.
The defendant is 44 years old, divorced, and has an 18 year old son who lives with the victim in this case. He also has two daughters whose whereabouts are unknown. The defendant has a long history of mental problems and has been in and out of hospitals on numerous occasions. He has been diagnosed as chronic paranoid schizophrenic and has been treated with various medications which he continually resists.
While this defendant has no previous convictions he has been arrested eight times for offenses ranging from theft to assault and battery. He has an extremely violent disposition and has attacked his wife and other family members, according to the pre-sentence report, on numerous occasions.
In the instant case, the defendant kicked in the door of his sister's house, threw a glass table top at her and then choked her and threw her against the wall inflicting injuries upon her. The defendant's main problem, according the pre-sentence report, lies in his lack of insight to his illness and his refusal to take prescribed medication away from the hospital.
The reporting person finds that the defendant is a threat to the community itself and recommends that he be incarcerated as long as legally possible.
It is, therefore, the sentence of this Court that the defendant, Ridge Legendre, serve five years at hard labor in the custody of the Department of Corrections.
Appellate review of the sentence imposed is confined to consideration of whether the trial judge abused his great discretion when the judge has complied with La.C.Cr.P. art. 894.1 by stating the individual considerations and factual bases for the sentence. State v. Finley, 432 So. 2d 243, 245 (La.1983). Review of abuse of discretion is controlled by the following factors, examined in light of the criteria provided in article 894.1 (A) and (B): (1) nature of crime, (2) nature and background of offender and (3) sentences imposed for similar crimes by the same court and other courts. Id. Defendant's personal history, such as age, marital status, dependents, family stability, employment, mental, emotional and physical health, is one of the factors to be taken in account in sentencing decisions. State v. Crawford, 410 So.2d 1076, 1078 (La.1982).
La.C.Cr.P. art. 894.1, which provides guidelines for determining whether a defendant should be subjected to imprisonment or suspension or probation, does not specifically list mental illness as a mitigating circumstance to be taken into account to reduce a sentence. However, Louisiana caselaw does indicate that mental illness should be used as a mitigating circumstance. In State v. Price, 403 So.2d 660 (La.1981), the court found that the defendant had proven that he had suffered from a
"deranged mental condition", which "[did] not absolve defendant of criminal responsibility for his actions, but [did] tend to excuse or explain his behavior." Id. at 664. The court found that that factor should have been weighed in sentencing. See also State v. Hart, 397 So.2d 518 (La.1981), *1253 where the court indicated that the fact the defendant was diagnosed as schizophrenic should have served as a mitigating circumstance in sentencing.
More recently, the Louisiana Supreme Court has indicated that the mitigating circumstances set out in La.C.Cr.P. art. 905.5, which expressly applies only to decisions regarding capital punishment, should be used as mitigating circumstances in other sentencing decisions. In State v. Lodrige, 414 So.2d 759 (La.1982), the court lists the mitigating circumstances from that article, stating that they were applicable in that case, which involved the appeal of a six-year sentence at hard labor for attempted aggravated burglary. Id. at 761. One of the mitigating circumstances specifically listed in C.Cr.P. art. 905.5 is the following: "The offense was committed while the offender was under the influence of extreme mental or emotional disturbance."
In the instant case, the transcript of the sentencing hearing indicates that the trial judge did not consider the defendant's mental condition a mitigating circumstance in imposing sentence. In fact, the judge's statement seems to indicate that he viewed the defendant's mental problem with the opposite attitude. Although the judge does not state that he considers the defendant's mental illness an aggravating circumstance per se, he does state that the defendant's main problem is "his lack of insight to his illness and his refusal to take prescribed medication away from the hospital."
The judge's statement at the sentencing hearing indicates that the "reporting person" from the presentence investigation recommended that the defendant be "incarcerated as long as legally possible." Presumably, that recommendation weighed heavily in the judge's decision to impose the maximum penalty on the defendant. However, it is well established that while a presentence report is helpful to the trial court, the recommendations in the report are not binding. State v. Bing, 410 So.2d 227, 229 (La.1982).
When persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane. Incarceration of a mental patient in a penal institution for the maximum period of time applicable to the crime is not in keeping with the standards established by courts of this state, or with the theory of punishment and retribution. The defendant in this case should have had the benefit of consideration of his mental illness as a mitigating circumstance. In view of this holding, the case must be remanded for sentencing. State v. Keeney, 422 So.2d 1144, 1146 (La.1982).
Conclusion
For the above and foregoing reasons, the conviction of the defendant for second degree battery is affirmed, but the case is remanded for resentencing, in accordance with the principles stated herein.
AFFIRMED IN PART. REVERSED IN PART. REMANDED.
BARRY, J., dissents with written reasons.
BARRY, Judge, dissenting.
The defendant assigns as error insufficiency of the evidence. Although the majority opinion focuses on the element of serious bodily injury, I am more concerned about the required proof that he intentionally inflicted serious bodily injury as required by La.R.S. 14:34.1.
Second degree battery requires specific intent. State v. Fuller, 414 So.2d 306 (La. 1982); State v. Daigle, 439 So.2d 595 (La. App. 1st Cir.1983). Specific criminal intent is that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1); State v. Livings, 487 So. 2d 475 (La. App. 3rd Cir. 1986).
The defendant is a mental patient who has been diagnosed as chronic paranoid schizophrenic. He has no prior conviction. At the preliminary hearing the arresting police officer testified that the defendant's girlfriend brought him to New Orleans to seek psychiatric help. The victim testified that after his violent outburst as she hit *1254 the floor, the defendant "was doing nothing." She said: "His mind apparently snapped back...."
Prior to trial a lunacy commission determined the defendant was competent to proceed, but there was no testimony (expert or otherwise) as to whether he could form the statutorily required specific intent. Only the victim testified as to what happened. I am satisfied the State did not prove beyond a reasonable doubt that the defendant was capable of intentionally inflicting serious bodily harm.
The net result of this conviction is to send a seriously ill person to prison, instead of a mental institution.