# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1104

**STATE OF LOUISIANA**

**VERSUS**

**JOSHUA DANIEL SIBLEY**

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64,709
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

************

## DAVID E. CHATELAIN*
## JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain, Judges.

**Cooks, J., dissents and assigns written reasons.**

**AFFIRMED.**

**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Post Office Drawer 1557**
**Many, Louisiana 71449**
**(318) 256-6246**
**Counsel for:**
  **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
  **Joshua Daniel Sibley**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

In this criminal case, the defendant appeals, arguing that his two thirty-year concurrent sentences for attempted first degree murder and armed robbery were excessive. Finding the record supports the trial court's sentencing choices, we affirm.

### FACTS AND PROCEDURAL HISTORY

On March 17, 2008, Joshua Daniel Sibley, the defendant, went into a camp on Toledo Bend Lake in Sabine Parish where he found three men playing cards around a table. The defendant pointed a revolver at the men and threatened to kill them. When the men gathered their money and asked the defendant to take the money and leave, the defendant became agitated and asked if anyone else was in the camp. At some point, one of the men was shot in the leg when he attempted to wrestle the gun away from the defendant. The defendant then fled, and a high speed chase ensued with deputies. When the deputies attempted to block the roadway, the defendant struck a vehicle and then fled on foot. He was eventually apprehended.

On May 28, 2008, the State charged the defendant by bill of information with attempted first degree murder, a violation of La.R.S. 14:27 and 14:30, and with armed robbery, a violation of La.R.S. 14:64. On February 17, 2009, the defendant pled guilty as charged, in exchange for the State's dismissal of additional charges associated with the offense: unauthorized entry of an inhabited dwelling; simple criminal damage to property; aggravated flight from an officer; reckless operation of a motor vehicle; and speeding.

On July 23, 2009, the trial court imposed two concurrent thirty-year sentences at hard labor, to be served without benefit of parole, probation, or suspension of sentence. The sentences were further ordered to run concurrently with an earlier

1

sentence imposed for a Natchitoches Parish conviction. The defendant filed a motion to reconsider sentence on July 28, 2009; it was denied after the trial court conducted a hearing.

**EXCESSIVENESS OF SENTENCE**

In his sole assignment of error, the defendant argues that his concurrent thirty-year sentences are excessive because the trial court failed to consider the mitigating factor that he was suffering from severe mental illness. The defendant contends that even though the trial court was presented with extensive medical records at sentencing which documented his mental illness, the trial court never referenced his mental illness as a mitigating factor.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, we recognized the standard used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In determining whether a sentence shocks our sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

2

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Under the provisions of La.R.S. 14:30(C) and 14:27(D)(1)(a), the penalty for attempted first degree murder is a sentence of ten to fifty years at hard labor, without benefit of parole, probation, or suspension of sentence. For armed robbery, La.R.S. 14:64 specifies that the penalty is ten to ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence.

At sentencing, the defendant introduced into evidence his medical records from Louisiana State University Health Science Center (LSUHSC). These records reflect that on February 9, 2007, the defendant was brought to the hospital for depression and an attempted suicide. He reportedly tried to hang himself but was rescued by his mother. At that time, the defendant indicated to medical personnel that he had served in the military in Iraq for two years, and, since his return, he had not been himself and had been having nightmares. He returned from Iraq in August 2006 and was discharged from the Army for using marijuana on duty and abusing alcohol. After an eighteen-day stay in the hospital, the defendant was discharged. According to the discharging physician, the defendant responded well to antidepressant medication and

therapy. His discharge diagnoses were schizoaffective disorder, posttraumatic stress disorder, marijuana abuse, and alcohol abuse.

The defendant also introduced into evidence a psychological report from Bruce McCormick, Ph.D., dated July 21, 2009. Dr. McCormick indicated that he did not have a face-to-face meeting with the defendant; instead, he reviewed various documents the defendant provided, namely: the report of the arresting officers; the defendant's statement; and a decade of the defendant's medical records. Dr. McCormick stated that he neither had access to the defendant's military record nor data from his school years. However, Dr. McCormick noted that there was documentation that showed the defendant received his GED.

Dr. McCormick stated that six months after the defendant's return from a two-year tour of duty in Iraq, the defendant hung himself but was discovered and rescued before he expired. Commenting on the defendant's treatment at LSUHSC, Dr. McCormick suggested that the treatment focused on acute stabilization with medication and that there were no records showing in-depth psychotherapy. Commenting on the defendant's diagnoses of schizoaffective disorder and posttraumatic stress disorder, Dr. McCormick explained,

> Schizoaffective Disorder is officially identified as an illness that exists uninterrupted, possibly for years, and which may include severe mood disturbance, hallucinations, and periods of highly energized, poorly controlled behavior. Posttraumatic Stress Disorder (PTSD) is a condition that results from a traumatic event or events that involve intense fear or horror. PTSD can produce a cluster of symptoms that include acting or feeling as if one were back in the traumatic situation, particularly when intoxicated.

Without interviewing the defendant and without the benefit of having the defendant's service records, Dr. McCormick opined that the defendant developed PTSD as a direct result of repeated exposure to military combat. He also found it significant that

the defendant's medications at his discharge from LSUHSC would have cost over $300 monthly, if not provided by a public agency. Dr. McCormick further opined that the defendant's use of ethanol and cannabis after his hospital treatment was likely an attempt to self-medicate for intense emotional distress brought on by his psychiatric conditions. Finally, Dr. McCormick opined that the defendant's under-treated psychiatric disorders and conditions were very likely to have been major contributing factors to the behavior that led to his arrest.

In imposing sentence on the defendant, the trial court stated:

I've noted the victims' statement in the [Presentence Investigation Report]. I've noted the victim impact information. I've noted your criminal history and I am aware that you have been convicted in Natchitoches Parish and currently you're serving an eight year sentence . . . at hard labor. I've noted your criminal history. I've noted your social history. I've noted the aggravating and mitigating circumstances in this case and applied them to the sentencing guidelines . . . I'm not taking away from the fact that you went to Iraq and served this country. I don't know when this problem began with you whether it was before you served or during or after. While acknowledging that service, at the same time I have to balance that against protecting the community.

At the hearing on the defendant's motion to reconsider his sentences, counsel stressed that the defendant had extenuating circumstances regarding his mental health and referred the trial court to the defendant's medical records already introduced into evidence. Defense counsel also referred the trial court to Dr. McCormick's evaluation, particularly asserting that the defendant suffered from schizophrenia[1] and that his mental health issues contributed to the event that led to his arrest and convictions.

---

[1]We respectfully note the defendant's characterization of Dr. McCormick's evaluation is misstated. Our careful reading shows that Dr. McCormick's letter of July 21, 2009 reveals that he never said the defendant suffered from schizophrenia. To the contrary, he acknowledged that one of the defendant's diagnoses at the time of his discharge from LSUMSC was schizoaffective disorder.

5

In response to the defendant's assertions, the State contended that the trial court's sentencing choices did take into account the mitigating factors and pointed out that the trial court could have imposed what would have amounted to a life sentence. The State stressed that the defendant shot one of the victims in an artery which would have caused death had someone not been present to render aid. It also highlighted that the defendant held a gun to another victim's head while he dragged the victim around the camp, looking for things to take.

The defendant concedes that he did not receive maximum sentences but argues, nonetheless, that his sentences are excessive because the trial court did not specify his mental illness as a mitigating factor. Relying on *State v. Price*, 403 So.2d 660 (La.1981),[2] *State v. Hart*, 397 So.2d 518 (La.1981),[3] and *State v. Legendre*, 522 So.2d

---

[2]In *Price*, the defendant was convicted of armed robbery and sentenced to thirty years at hard labor. Finding the defendant suffered from a deranged mental condition and committed the offense under the influence of an abnormal mental state, the supreme court found the sentencing court "ostensibly ignored or discounted several important mitigating considerations without providing any reasons for doing so." *Id.* at 665. Of particular note is that the defendant in that case was found incapable of standing trial; only after the defendant responded to medical treatment did the trial take place. Further, in its estimation, the supreme court stated that although it remanded the case for the trial court to reexamine the sentence, it stated, "We do not conclude . . . that the thirty year sentence was in fact excessive or grossly out of proportion to the severity of the crime." *Id.*

[3]The defendant incorrectly relies upon *Hart*. In *Hart*, the supreme court found that the trial court's statement of reasons for sentencing the defendant diagnosed as schizophrenic adequately supported the sentences imposed. In fact, the supreme court recognized that acting on the recommendation of a sanity commission, the trial court initially ordered the defendant committed to a psychiatric hospital and that only after a two-year commitment was the defendant found competent to stand trial. Even in light of that background, the supreme court upheld the defendant's *consecutive* sentences of seventy-five years' imprisonment on the armed robbery charge and fifty years' imprisonment on the charge of attempted murder, finding them not excessive.

1249 (La. App. 4 Cir.), *writ denied*, 523 So.2d 1321 (La.1988),[4] the defendant urges that mental illness should be used as a mitigating factor in sentencing choices.

It cannot be gainsaid that the jurisprudence the defendant relies upon supports his contention that mental illness should be considered as a mitigating factor in sentencing. Nonetheless, for reasons outlined below, we find the case law relied upon provides little support to the defendant's contention in the present case.

Louisiana Code of Criminal Procedure Article 894.1(C) states, "[t]he court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence." The goal of Article 894.1 is the "articulation of the factual basis for a sentence . . . not rigid or mechanical compliance with its provisions." Therefore, " where an adequate factual basis for the sentence imposed" is evidenced in the record, "remand is unnecessary, even where there has not been full compliance with Article 894.1." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982); *State v. Pleasant*, 99-2349 (La.App. 4 Cir. 11/8/00), 772 So.2d 910, *writ denied*, 00-3349 (La. 10/26/01), 799 So.2d 1159. A remand for resentencing on a fuller statement of reasons is necessary only when there appears "to be a *substantial* possibility that the defendant's complaints of an excessive sentence [have] merit." *State v. Wimberly*, 414 So.2d 666, 672 (La.1982) (emphasis added).

In the present case, the defendant's sentences of thirty years for each conviction were not only within the statutory range, but were significantly less than the

---

[4]In *Legendre*, the defendant was convicted of second degree battery and received the *maximum sentence* of five years at hard labor. On appeal, the court found that the trial judge did not consider the defendant's long history of mental problems, his diagnosis as chronic paranoid schizophrenic, and treatment with various medications which he continually resisted. Although the trial court did not state that he considered the defendant's mental illness as an aggravating circumstance, the reviewing court found that the trial court's attitude (it considered the defendant's main problem was his lack of insight with regard to his mental illness and his refusal to take his prescribed medications) was opposite that of mitigation.

maximum possible sentence for his respective convictions. Additionally, the trial court ordered that the sentences were to run concurrently with each other as well as with the defendant's earlier Natchitoches Parish conviction, further reducing the total amount of prison time to be served. Moreover, as noted above, the defendant significantly reduced his sentencing exposure when, as part of a plea agreement, the State agreed to dismiss five other criminal charges associated with these offenses. These factors indicate the trial court gave significant weight to the mitigating factors of the case. Likewise, there was little to no evidence that this defendant was suffering from a mental illness that would serve as a mitigating factor. The medical records show that the defendant was discharged more than a year prior to the offenses with the diagnoses of schizoaffective disorder and posttraumatic stress disorder, not schizophrenia as defendant suggests, and that he responded well to medication. The sole evidence to suggest that the defendant may have been suffering from a mitigating mental illness at the time of the offenses was the report of Dr. McCormick, who was not a treating physician and whose report was based on a hypothesis that the defendant's psychiatric disorders were under-treated. No evidence was produced to show that the defendant was not taking his medication as prescribed at the time of the offense or that his mental health had declined after he was discharged from LSUHSC. Finally, no evidence was offered to show that the defendant's diagnoses of schizoaffective disorder and posttraumatic stress disorder were chronic or that they would require medical treatment throughout his lifetime.

When the facts in the record clearly support the sentencing choice, there is "little justification for a remand for resentencing when the record so plainly supports the sentence imposed." *State v. Day*, 391 So.2d 1147, 1151 (La.1980). In the present

8

case, the record shows that: (1) when he entered his guilty plea, the defendant denied he was under the care of a doctor for physical or mental illness; (2) the defendant provided the trial court with copies of his medical records and Dr. McCormick's record evaluation in advance of the sentencing hearing; (3) the defendant's mother told the trial court that the defendant returned from military service "messed up"; (4) one of the victims of the defendant's crime stated that the defendant held a gun to a Vietnam veteran's head during the commission of the present crime; (5) the defendant shot one of his victims in the leg and that shot involved the artery; (6) the trial court referenced the defendant's criminal history, social history, and his military service; (7) the trial court stated that he "noted the aggravating and mitigating circumstances in this case and applied them to the sentencing guidelines"; (8) the trial court referenced the defendant's "problem" and indicated it was uncertain if "this problem" began before or after the defendant's military service; and (9) the trial court balanced those factors against the need to protect the community.

After carefully reviewing the record, we find the facts contained therein clearly support the trial court's sentencing choices. In particular, we find no merit to the defendant's contention that the trial court failed to consider mitigating evidence. Therefore, we find no merit to the defendant's contention that the trial court's sentences should be reversed, and this case remanded for resentencing.

## DECREE

The defendant's sentences are affirmed.

**AFFIRMED.**

9

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-1104

STATE OF LOUISIANA

VERSUS

JOSHUA DANIEL SIBLEY

COOKS, J., dissenting.

I respectfully dissent from the majority opinion, finding the trial court failed to give sufficient weight to Defendant's mental illness in the present case. Despite noting Dr. McCormick's conclusion that *Defendant's under-treated psychiatric disorders and conditions were very likely major contributing factors to the behaviors that led to his arrest*, the majority concludes the record clearly supports the trial court's sentencing choices.

Defendant argues the imposition of near maximum sentences on a "mental patient" without addressing the mitigating factor of his mental illness is not in keeping with the standards established by the courts of this state. In support of this argument, Defendant refers to *State v. Legendre*, 522 So.2d 1249, 1252 (La.App. 4 Cir.), *writ denied*, 523 So.2d 1321 (La.1988), wherein the court stated:

> La.C.Cr.P. art. 894.1, which provides guidelines for determining whether a defendant should be subjected to imprisonment or suspension or probation, does not specifically list mental illness as a mitigating circumstance to be taken into account to reduce a sentence. However, Louisiana caselaw does indicate that mental illness should be used as a mitigating circumstance.

In reaching this conclusion, the court referred to *Price*, 403 So.2d 660. The court added:

> More recently, the Louisiana Supreme Court has indicated that the

-1-

mitigating circumstances set out in La.C.Cr.P. art. 905.5, which expressly applies only to decisions regarding capital punishment, should be used as mitigating circumstances in other sentencing decisions. In *State v. Lodrige*, 414 So.2d 759 (La.1982), the court lists the mitigating circumstances from that article, stating that they were applicable in that case, which involved the appeal of a six-year sentence at hard labor for attempted aggravated burglary. *Id*. at 761. One of the mitigating circumstances specifically listed in C.Cr.P. art. 905.5 is the following: "The offense was committed while the offender was under the influence of extreme mental or emotional disturbance."

*Id*. at 1253. In *Legendre*, the defendant was convicted of second degree battery and received the maximum sentence of five years at hard labor. At sentencing, the trial judge noted the defendant had a long history of mental problems and had been in and out of hospitals on numerous occasions. He also had been diagnosed as chronic paranoid schizophrenic and treated with various medications which he continually resisted.

On appeal, the court found the trial judge did not consider the defendant's mental condition as a mitigating circumstance in imposing sentence; but instead, stated that his main problem was lack of insight with regard to his illness and his refusal to take his medication as prescribed while away from the hospital. Although the trial judge in this case did not state he considered the defendant's failure to take his medication an aggravating circumstance, the appellate court found that his attitude in making the statement was opposite that of mitigation. The court concluded:

> When persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane. Incarceration of a mental patient in a penal institution for the maximum period of time applicable to the crime is not in keeping with the standards established by courts of this state, or with the theory of punishment and retribution. The defendant in this case should have had the benefit of consideration of his mental illness as a mitigating circumstance. In view of this holding, the case must be remanded for sentencing. *State v. Keeney*, 422 So.2d 1144, 1146 (La.1982).

*Id*. at 1253.

In *State v. Keeney*, 422 So.2d 1144 (La.1982), the trial court did not expressly articulate, in the sentencing colloquy, that it considered the significant mitigating factors present in the case. The supreme court ruled that "[I]n cases with such strong mitigating circumstances, unless the record accurately reflects that they were properly considered, it is impossible for us to safely say that they were accorded their proper weight, and the sentence may appear to have been arbitrary and excessive." *Id.* at 1146 (citations omitted).

Contrary to the majority's conclusion, I believe the case law clearly supports Defendant's contention that mental illness should be considered as a mitigating factor in sentencing. The evidence in the record indicates Defendant was suffering from a mental illness that would serve as a mitigating circumstance. The only medical expert to testify, Dr. McCormick, stated Defendant suffered from post-traumatic stress disorder developed from repeated exposure to military combat. He also specifically concluded Defendant's psychiatric disorders were "under treated" and likely were major contributing factors to the behavior that led to his arrest. The State opined that Defendant might not have been taking his medication, however there was no evidence presented to substantiate this assertion.

The transcript of the sentencing hearing indicates the trial judge acknowledged Defendant's mental problems, however there is no clear indication if it was used as a mitigating factor in imposing sentence. The trial court also specifically mentioned it was uncertain whether Defendant's problems began before or during the time of his service in the armed forces. When and where Defendant's mental problems began is immaterial to our consideration. What is material is the fact that Defendant *was mentally ill*. Dr. McCormick's report found Defendant suffered from PTSD as a direct result of his repeated exposure to military combat and that he also suffered

from schizoaffective disorder. The trial court's concern over when and where Defendant's mental illness began is an indication he did not properly weigh Defendant's mental illness as a mitigating factor in imposing sentence. Our Supreme Court in *Keeney* instructs when strong mitigating circumstances exist, the record must "accurately reflect that they were properly considered" and "accorded their proper weight." For the reasons stated above, I do not find the trial court gave sufficient weight to Defendant's mental illness in the present case and would vacate Defendant's sentences and remand for resentencing.