COOKS, J.,
dissenting.
hi respectfully dissent from the majority opinion, finding the trial court failed to give sufficient weight to Defendant’s mental illness in the present case. Despite noting Dr. McCormick’s conclusion that Defendant’s under-treated psychiatric disorders and conditions were very likely major contributing factors to the behaviors that led to his arrest, the majority concludes the record clearly supports the trial court’s sentencing choices.
Defendant argues the imposition of near maximum sentences on a “mental patient” without addressing the mitigating factor of his mental illness is not in keeping with the standards established by the courts of this state. In support of this argument, Defendant refers to State v. Legendre, 522 So.2d 1249, 1252 (La.App. 4 Cir.), writ denied, 528 So.2d 1321 (La.1988), wherein the court stated:
La.C.Cr.P. art. 894.1, which provides guidelines for determining whether a defendant should be subjected to imprisonment or suspension or probation, does not specifically list mental illness as a mitigating circumstance to be taken into account to reduce a sentence. However, Louisiana caselaw does indicate that mental illness should be used as a mitigating circumstance.
In reaching this conclusion, the court referred to Price, 403 So.2d 660. The court added:
More recently, the Louisiana Supreme Court has indicated that the | .¿mitigating circumstances set out in La.C.Cr.P. art. 905.5, which expressly applies only to decisions regarding capital punishment, should be used as mitigating circumstances in other sentencing decisions. In State v. Lodrige, 414 So.2d 759 (La. 1982), the court lists the mitigating circumstances from that article, stating that they were applicable in that case, which involved the appeal of a six-year sentence at hard labor for attempted aggravated burglary. Id. at 761. One of the mitigating circumstances specifically listed in C.Cr.P. art. 905.5 is the following: “The offense was committed while the offender was under the influence of extreme mental or emotional disturbance.”
Id. at 1253. In Legendre, the defendant was convicted of second degree battery and received the maximum sentence of five years at hard labor. At sentencing, the trial judge noted the defendant had a long history of mental problems and had been in and out of hospitals on numerous occasions. He also had been diagnosed as *588 chronic paranoid schizophrenic and treated with various medications which he continually resisted.
On appeal, the court found the trial judge did not consider the defendant’s mental condition as a mitigating circumstance in imposing sentence; but instead, stated that his main problem was lack of insight with regard to his illness and his refusal to take his medication as prescribed while away from the hospital. Although the trial judge in this case did not state he considered the defendant’s failure to take his medication an aggravating circumstance, the appellate court found that his attitude in making the statement was opposite that of mitigation. The court concluded:
When persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane. Incarceration of a mental patient in a penal institution for the maximum period of time applicable to the crime is not in keeping with the standards established by courts of this state, or with the theory of punishment and retribution. The defendant in this case should have had the benefit of consideration of his mental illness as a mitigating circumstance. In view of this holding, the case must be remanded for sentencing. State v. Keeney, 422 So.2d 1144,1146 (La.1982).
Id. at 1258.
|aIn State v. Keeney, 422 So.2d 1144 (La.1982), the trial court did not expressly articulate, in the sentencing colloquy, that it considered the significant mitigating factors present in the case. The supreme court ruled that “[I]n cases with such strong mitigating circumstances, unless the record accurately reflects that they were properly considered, it is impossible for us to safely say that they were accorded their proper weight, and the sentence may appear to have been arbitrary and excessive.” Id. at 1146 (citations omitted).
Contrary to the majority’s conclusion, I believe the case law clearly supports Defendant’s contention that mental illness should be considered as a mitigating factor in sentencing. The evidence in the record indicates Defendant was suffering from a mental illness that would serve as a mitigating circumstance. The only medical expert to testify, Dr. McCormick, stated Defendant suffered from post-traumatic stress disorder developed from repeated exposure to military combat. He also specifically concluded Defendant’s psychiatric disorders were “under treated” and likely were major contributing factors to the behavior that led to his arrest. The State opined that Defendant might not have been taking his medication, however there was no evidence presented to substantiate this assertion.
The transcript of the sentencing hearing indicates the trial judge acknowledged Defendant’s mental problems, however there is no clear indication if it was used as a mitigating factor in imposing sentence. The trial court also specifically mentioned it was uncertain whether Defendant’s problems began before or during the time of his service in the armed forces. When and where Defendant’s mental problems began is immaterial to our consideration. What is material is the fact that Defendant was mentally ill. Dr. McCormick’s report found Defendant suffered from PTSD as a direct result of his repeated exposure to military combat and that he also suffered |4from schizoaffective disorder. The trial court’s concern over when and where Defendant’s mental illness began is an indication he did not properly weigh Defendant’s mental illness as a mitigating factor in imposing sentence. Our Supreme Court in *589 Keeney instructs when strong mitigating circumstances exist, the record must “accurately reflect that they were properly considered” and “accorded their proper weight.” For the reasons stated above, I do not find the trial court gave sufficient weight to Defendant’s mental illness in the present case and would vacate Defendant’s sentences and remand for resentencing.