NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-196


STATE OF LOUISIANA

VERSUS

SHAVON S. TARDY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-209
HONORABLE GERARD B. WATTIGNY, DISTRICT COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

SENTENCE VACATED.  REMANDED.

J. Phillip Haney
District Attorney – 16th Judicial District Court
Walter James Senette, Jr.
Assistant District Attorney – 16th Judicial District Court
300 Iberia Street - Suite 200
New Iberia, LA 70560
Telephone:  (337) 369-4420
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone:  (337) 436-2900
COUNSEL FOR:
        Defendant/Appellant - Shavon S. Tardy

**THIBODEAUX, Chief Judge.**

Defendant, Shavon S. Tardy, pled guilty to first degree robbery, a violation of La.R.S. 14:64.1. As part of her plea, Defendant and the State agreed to a sentencing cap of twenty-five years and also agreed the State would not charge her as a habitual offender. Thus, Defendant was subjected to a possible sentence of three to twenty-five years. La.R.S. 14:64.1.

At the sentencing hearing, the trial judge sentenced Defendant to "hard labor for not less than 19 years without the benefit of probation, parole, or suspension of sentence," with the sentence to run concurrently with another charge from St. Mary Parish. Defendant now appeals her sentence, arguing it is indeterminate. It is. We vacate her sentence and remand to the trial court for resentencing.

## LAW AND DISCUSSION

Defendant argues the sentence imposed on her is illegal and must be set aside as indeterminate. The trial court sentenced her to "hard labor for not less than 19 years" of a possible sentence of three to twenty-five years.

A trial court must impose a determinate sentence. La.Code Crim.P. art. 879. The fifth circuit has held a sentence indeterminate that ordered "at least 5 years of the sentence be served without benefit of parole, probation, or suspension of sentence." *State v. Bellow*, 08-259, p. 20 (La.App. 5 Cir. 7/29/08), 993 So.2d 307, 318, *writ denied,* 08-2109 (La. 4/13/09), 5 So.3d 162. Likewise, the Louisiana Supreme Court remanded a case for resentencing where "the trial court specified that '. . . at least 25 of that 50 years must be consecutive to [the] sentence for the armed robbery.'" *State v. Hart*, 397 So.2d 518, 519 (La.1981). Because "the trial court failed to fix the *maximum* amount of time defendant might spend in

jail on his consecutive sentences[,]" the court vacated the sentence and remanded for resentencing on that count. *Id.* (emphasis added). Similarly, this court has held a sentence was indeterminate because it did not specify the number of years to be served without benefits in a forcible rape case. *State v. Fruge*, 09-1131 (La. App. 3 Cir. 4/7/10), 34 So.3d 422, *writ denied,* 10-1054 (La. 11/24/10), 50 So.3d 828.

The amount of time Defendant must serve is indeterminate. "Not less than nineteen years" tells Defendant the minimum time, but not the maximum time, she must serve. Accordingly, we vacate this sentence, and remand to the trial court for the imposition of a determinate sentence.

## CONCLUSION

The trial court imposed an indeterminate sentence by stating Defendant must serve "not less than 19 years without the benefit of probation, parole, or suspension of sentence." Accordingly, we vacate Defendant's sentence. We remand to the trial court for resentencing.

**SENTENCE VACATED. REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules—Courts of Appeal.