840 So.2d 662 (2003)
Willie TURNER, Walter Kyle and Winnie Jones, Plaintiffs,
v.
Billy JAMES and Carolyn Caldwell, Clerk of Court for Madison Parish, Defendants.
No. 37,405-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2003.
Writ Denied March 3, 2003.
Mulhearn & Smith By Leroy Smith, Jr., Tallulah, for Defendant, Appellant, Billy James.
*663 Samuel H. Thomas, Tallulah, for Plaintiffs.
Before BROWN, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
BROWN, C.J.
This is an appeal from a judgment disqualifying defendant, Billy James, as a candidate for the Tallulah City Council. The district court found that the provisions of Article I, Section 10(B) of the Louisiana Constitution do not permit James, who pled guilty to a felony in 1989, to qualify for public office. For the reasons that follow, we affirm the trial court's judgment.

Facts
The essential facts of this case are undisputed. On August 2, 1989, James pled guilty to attempted obstruction of justice, a felony prohibited by La.R.S. 14:130.1 and 14:27, and the court imposed a sentence of two and a half years at hard labor with the Louisiana Department of Corrections; the court suspended execution of James' sentence and placed him on supervised probation for three years. Special conditions included forfeitures of a bank box and a 1987 Camaro. Effective August 2, 1992, James received an automatic first offender pardon pursuant to the provisions of La. R.S. 15:572.
On February 19, 2003, plaintiffs, Willie Turner, Walter Kyle and Winnie Jones, filed a petition to challenge James' qualifications as candidate for Tallulah City Council, District 4. The next day, James filed an application for post-conviction relief, claiming ineffective assistance of counsel, urging that his prior actions did not constitute the elements of obstruction of justice, and seeking to have his conviction for attempted obstruction of justice set aside. Additionally, on that same date, the court minutes for the criminal division of the Sixth Judicial District Court indicate that James' counsel filed a "Motion for Benefit of Article 893" in James' criminal case in which he pled guilty; those minutes also show that the judge in the criminal division signed an "Order Providing for 893 Benefits," pursuant to which the minutes of court for August 2, 1989, were amended to provide:
State vs Billy James, Docket # 57099, charge of Attempted Obstruction of Justice: Dismissal of the Prosecution by the State of Louisiana. Accordingly the conviction is hereby set aside and the prosecution is dismissed.
The following day, February 21, 2003, another judge heard the challenge to James' qualifications for election. After hearing testimony and receiving other evidence that established the facts outlined above, the court noted that the Louisiana Constitution does not permit a person to qualify for public office if he has been convicted of a felony and has exhausted all legal remedies, unless he has been pardoned by the governor or more than 15 years have passed since completion of his original sentence. The court found that when he qualified for office, James was a convicted felon who had not received a pardon from the governor, and approximately ten and a half years had passed since he had completed his sentence. The court concluded that neither his "Article 893 expungement," nor James' motion for post-conviction relief had any effect on James' qualifications to run for office. Accordingly, the court held that James was ineligible and that his name must be removed from the ballot. James timely appealed the court's judgment.

Discussion
The disqualifying provisions of Article I, Section 10(B) of the Louisiana Constitution state:

*664 The following persons shall not be permitted to qualify as a candidate for elected public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.
An exception to the above-quoted disqualifying provisions is found in Article I, Section 10(C):
Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than 15 years after the date of the completion of his original sentence.
In the instant case, James does not argue that he falls within the exception stated in Article I, Section 10(C), but he makes two arguments for reversal based on the provisions of Article I, Section 10(B). First, James urges that once he "received his benefit of Article 893," he did not have a conviction but an acquittal; therefore, he argues, he was not a convicted felon prohibited from running for office. Second, he argues that to be disqualified, a person must not only have been convicted of a felony, but also have exhausted all legal remedies. However, at the time James qualified for office, he had never filed an application for post conviction relief pursuant to La.C.Cr.P. art. 930.8; therefore, he had not exhausted all of his legal remedies and was not disqualified. For the reasons that follow, we reject both of James' arguments.
The record in this case does not include a copy of the "Motion for Benefit of Article 893" referred to in the court minutes for February 20, 2003, nor do we have a copy of the criminal court judge's order providing such benefits. Nevertheless, the criminal court judge could not validly set aside James' conviction and dismiss the prosecution under the undisputed facts of this case. The pertinent provisions La.C.Cr.P. art. 893(D)(1)(a) state in part:
... the court may defer, in whole or in part, the imposition of a sentence after conviction ... and place the defendant on probation ...
Article 893(D) addresses a court's deferral, in whole or in part, of the imposition of a sentence. Because James' sentence was actually imposed and served, Paragraph (D) does not apply. However, Paragraph (D) is the source of the language upon which James relies to avoid disqualification.[1] Because Paragraph (D) does *665 not apply to James, this argument must be rejected.[2]
Turning now to James' application for post conviction relief, we observe that under the provisions of La.C.Cr.P. art. 924(1), an "application for post conviction relief" means a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. Under this definition, James could not properly file an application for post-conviction relief unless he was a person "in custody" after sentence following conviction for the commission of an offense. The term "custody" is defined in Article 924(2) as "detention or confinement, or probation or parole supervision, after sentence following conviction for the commission of an offense." James was not "in custody" when he filed his application for post conviction relief because he was neither detained nor confined, nor on probation or parole supervision. Instead, the execution of his sentence had been suspended, and his period of probation had been completed over ten years before he filed his application for post-conviction relief. Accordingly, even if we were to assume arguendo that an application for post-conviction relief is one of the "legal remedies" referred to in the disqualifying provisions of Article I, Section 10(B), James plainly waited too long to file his application for post conviction relief, and he cannot now rely on that application to escape the constitutional prohibition of his candidacy.

Conclusion
For the reasons set forth above, the judgment of the trial court is hereby affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Article 893(D)(2) provides: Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
[2] Thus, we do not reach the question of the effect of a legitimate art. 893 proceeding on the qualifications for an elected office.