44 So.3d 830 (2010)
G. Wesley HORTON, Plaintiff-Appellee
v.
Roger Dale CURRY and Ann B. Walsworth in her Official Capacity as Clerk of Court, Parish of Jackson, Defendants-Appellants.
No. 45,871-CA.
Court of Appeal of Louisiana, Second Circuit.
July 22, 2010.
Chris L. Bowman, Jonesboro, for Defendant-Appellant Roger Dale Curry.
Darrell R. Avery, Jonesboro, Steven M. Gatlin, for Plaintiff-Appellee G. Wesley Horton.
Before BROWN, WILLIAMS, STEWART, MOORE and LOLLEY, JJ.
STEWART, J.
This is an election contest. G. Wesley Horton, an elector in the Town of Jonesboro, filed a challenge to the candidacy of Roger Dale Curry for the position of Chief of Police of the Town of Jonesboro, Louisiana. Horton, who is currently the Chief of Police and also a candidate for that office in the upcoming election, alleged in his petition that Curry cannot meet the qualifications for the office because he is a convicted felon. After trial, the district court determined that Curry was not qualified as a candidate and ordered that his name be removed from the ballot. Curry now appeals; we affirm.
On February 21, 2007, Roger Curry pled guilty in the Second Judicial District Court, Jackson Parish, before Judge Glenn Fallin, to one count of illegal possession of stolen things with a value over $500. This was his first felony offense; the court sentenced Curry to serve two years' imprisonment *831 at hard labor but suspended the sentence in favor of two years' supervised probation.
On April 9, 2008, the Louisiana Department of Public Safety sent Curry a document styled "Verification of First Offender Pardon." The document notified Curry that he had satisfied the requirements of La. R.S. 15:572 for an automatic first offender pardon and that his rights of citizenship were restored (with a caveat about his right to receive, possess or transport a firearm).
On April 20, 2009, Curry filed a "motion to amend judgment" in the Second Judicial District Court. In that motion, he alleged that he had not been charged or convicted of any criminal offense since the date of sentencing for illegal possession and that he had completed his probationary period. Although his motion cited, inter alia, La. C.Cr.P. art. 881.1, Curry did not allege that his hard labor sentence was suspended, rather than deferred, because of an error or by mistake. Curry asserted that he was an appropriate candidate for the application of La.C.Cr. P. art. 893 and asked the court to amend his sentence to grant him all of the benefits afforded by that article.
Attached to Curry's motion was a certificate of no opposition signed by an assistant district attorney. The certificate stated in part, "[T]he State does not oppose this Honorable Court signing an order setting aside the conviction and dismissing the prosecution, in view of the fact that the plea was taken pursuant to the provisions of Article 893 of the Louisiana Code of Criminal Procedure. . . ."
On May 18, 2009, the district court (Judge Jimmy Teat, who was not the sentencing judge) rendered a judgment amending Curry's sentence. This judgment provides, in its entirety:
AMENDED SENTENCE AND/OR JUDGMENT
The Court having considered the foregoing petition:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the sentence in this matter dated February 21, 2007, be and same is hereby amended so as to reflect that same was taken under the provisions of Article 893 of the Louisiana Code of Criminal Procedure.
As specifically granted by Article 893, the imposition of the sentence herein is suspended.
That in accordance with the provisions of Article 893 of the Louisiana Code of Criminal Procedure, the Court now finds at the conclusion of the period of suspension, that the defendant has not been convicted of any other offense during the period of a suspended sentence and that no criminal charge is pending against her (sic).
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Clerk of Court of Jackson Parish, the Sheriff of Jackson Parish, the Louisiana State Police, and Federal Bureau of Investigation are hereby ordered and directed to expunge said conviction from their records.
JUDGMENT RENDERED, SIGNED AND FILED in Chambers at Jonesboro, Jackson Parish, Louisiana, on this 18 day of May, 2009.
/s/ Jimmy Teat
On July 9, 2010, Curry completed and filed with the Clerk of the Second Judicial District Court a Notice of Candidacy for the office of Jonesboro Chief of Police. On this form, Curry certified, inter alia, that:
I am not currently under an order of imprisonment for conviction of a felony, *832 and I am not prohibited from qualifying as candidate for conviction of a felony pursuant to Article 1, Section 10 of the Constitution of Louisiana [R.S. 18:463 A.(2)].
On July 16, 2010, Horton filed his petition challenging Curry's candidacy. The matter was tried before the district court on July 19, 2010, and three witnesses testified. The first witness was Chief Horton, the petitioner. Horton testified that he was a registered voter who lived in the corporate limits of the Town of Jonesboro. Horton, who had been the Chief of Police for 16 years, testified that he had known Curry for several years. He said that Curry had previously worked for the Town of Jonesboro as a police officer and as an animal control officer, and in July 2009, Curry had been rehired as a Jonesboro police officer. Horton stated his belief that Curry was qualified to serve as a police officer  and carry a firearm  despite his felony conviction because that conviction was not of a nature that disqualified him from police employment. However, based on Article 1 § 10 of the Constitution, Horton asserted that Curry's conviction did prevent him from qualifying as a candidate for public office. Horton admitted that he had told Curry's mother-in-law (who is a longtime employee with the police department) that if Curry would drop out of the race for police chief, Horton would hire Curry as assistant chief and pay him a sign-on bonus of $5,000.00.
Laura Culpepper, a Deputy Clerk of Court for the Second Judicial District Court, Jackson Parish, testified on behalf of the Clerk, Ann Walsworth. Culpepper brought to the courtroom the Clerk's records relating to Curry's prosecution. Curry's lawyer objected to any information coming from these records since they had been expunged and the expungement had not been set aside. The Court allowed the records to be received as a proffer and postponed making a decision on whether to review them until arguments have been heard.
The final witness was Mr. Curry. Curry lives in Jonesboro, Louisiana. Curry admitted[1] that he pled guilty to illegal possession of stolen things and that he had been sentenced to two years of probation.[2] He also admitted that his conviction had not been overturned through the appellate process, nor had he received a pardon from the Governor or the President of the United States. Finally, 15 years had not elapsed since Curry completed his sentence. Curry testified that he believes he is eligible to qualify as a candidate for police chief because he obtained a first offender pardon for his felony conviction and because he received an acquittal pursuant to Article 893 of the Code of Criminal Procedure which served to set aside his conviction. The court admitted into evidence Curry's first offender pardon and the expungement/amended sentence paperwork and judgment.
At the conclusion of the testimony, the court opted to examine what was in the expunged records of Curry's conviction "to determine if there's anything more that relates to the issue before the Court today." The court stated that it would keep the record sealed if it had been sealed by the Clerk and the court did not specifically declare the record admitted into evidence. The parties then presented closing arguments. Curry did not rely on his first offender pardon;[3] he argued that the 2009 *833 judgment amending his sentence operated as an acquittal for purposes of Article 1, § 10 of the Louisiana Constitution. He urged that the 2009 judgment meant that he was not disqualified as a candidate because La.C.Cr.P. art. 893 E(2) did not list disqualification from office as one of the residual consequences of a conviction entered under that article. In argument, Curry's attorney specifically stated that Curry "got 893 at the time he pled [in 2007]."
After reviewing the evidence, the district court concluded that Curry was not qualified to be a candidate for elected office. The court observed:
There is nothing that was presented to the Court today that proves or indicates that the defendant, Mr. Curry, pleaded guilty under the provision of Article 893 of the Code of Criminal Procedure. In fact, a motion to amend his sentence would imply that he did not. It indicates that he served his sentence. It was shortened for reasons which apparently appear in expunged records. And then his sentence was amended a little bit in June of 2009 after he pleaded guilty in February of 2007.
The court then cited Turner v. James, 37,405 (La.App.2d Cir.2/27/03), 840 So.2d 662, writ denied, 2003-0618 (La.3/3/03), 839 So.2d 20, and specifically this court's observation that La.C.Cr.P. art. 893 E (then 893 D) allowed an offender the benefit of an acquittal and expungement only when sentence was deferred at the time of sentencing. The court found that neither the 2009 judgment amending Curry's sentence nor his first offender pardon operated to remove the disability from office for felons specified in La. Const. Art. 1, § 10.
The court signed its judgment disqualifying Curry at 11:00 a.m. on July 19, 2010; Curry filed a timely motion for appeal. The appellate record lodged in this court on July 20, 2010, at 2:15 p.m. and the case is now before this court for a decision.
On appeal, Mr. Curry raises two assignments of error:
1. The Trial Court erred by failing to consider the evidence in the record, which clearly showed that Defendant/Appellant received the benefit of Article 893 at the time of his plea.
2. The Trial Court erred in disqualifying Defendant/Appellant from running for office in the election for Chief of Police of the Town of Jonesboro.
We address both assignments of error simultaneously.
The foundation for the judgment disqualifying Mr. Curry is La. Const. Art. 1, § 10, which provides, in part:
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.

*834 (C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.
Under these provisions, a person convicted in this state of a felony whose conviction is final and who has not been pardoned by the governor is disqualified from qualifying as a candidate for public office.
Mr. Curry asserts that the 2009 judgment amending his 2007 conviction operates as an acquittal, and he argues that the acquittal removes the disability from qualifying as a candidate.
La.C.Cr.P. art. 893 provides, in part:
E. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
. . .
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
Emphasis added.
In the emphasized language describing the continuing effect of dismissal of prosecution under this article, there is no explicit reference to the disability from elected office set forth in La. Const. Art. 1, § 10. Appellant urges that the omission of that disability from this exception means that a prosecution dismissed under this rule does not disqualify him as a candidate. See also La. R.S. 44:9 E(1)(b).
Regardless of the effect of a dismissal under La.C.Cr.P. art. 893 E, such dismissals must be accomplished in certain specific ways. In Turner v. James, supra, this court addressed a situation where a challenged candidate for public office obtained, in 2003, a judgment from the district court applying La.C.Cr.P. art. 893 E (then 893 D) to his 1999 conviction in an effort to overcome the disability for felons seeking public office. This court stated:
The record in this case does not include a copy of the "Motion for Benefit of Article 893" referred to in the court minutes for February 20, 2003, nor do we have a copy of the criminal court judge's order providing such benefits. Nevertheless, the criminal court judge could not validly set aside James' conviction and dismiss the prosecution under the undisputed facts of this case. The pertinent provisions La.C.Cr.P. art. 893(D)(1)(a)[4] state in part:

*835 . . . the court may defer, in whole or in part, the imposition of a sentence after conviction . . . and place the defendant on probation . . .
Article 893(D) addresses a court's deferral, in whole or in part, of the imposition of a sentence. Because James' sentence was actually imposed and served, Paragraph (D) does not apply. However, Paragraph (D) is the source of the language upon which James relies to avoid disqualification. . . . Because Paragraph (D) does not apply to James, this argument must be rejected.
Id., 37,405 p. 4-5, 840 So.2d at 664-665. The court did not reach the question of the effect of a legitimate art. 893 proceeding on the qualifications for an elected office.
Curry argues that, by contrast to Turner, the record demonstrates that his 2007 plea was entered under La.C.Cr.P. art. 893 E; as evidence of this, he cites the certificate of no opposition executed by an assistant district attorney that, as noted, stated in part that "the plea was taken pursuant to the provisions of Article 893 of the Louisiana Code of Criminal Procedure." Horton counters that the evidence does not show that Curry's sentence was originally imposed pursuant to La.C.Cr.P. art. 893 E.
Upon review of the entire record, including the files proffered by the plaintiff concerning Curry's 2007 guilty plea, we agree that the evidence fails to demonstrate that the district court opted to defer sentencing Curry in 2007; rather, the evidence shows that the court imposed a hard labor sentence and then suspended that sentence in favor of probation. Accordingly, unless some other provision makes the 2009 amendment effective, the Turner rationale applies to this case, and there is no need to consider whether a deferral and dismissal under La.C.Cr.P. art. 893 E makes Curry eligible to qualify as a candidate.
Since the decision in Turner, the legislature has created a special type of motion to reconsider sentence that may have application in the instant case. La.C.Cr.P. art. 881.1 provides, in part:
(A)(3) In the event a defendant alleges mutual mistake in that the sentence imposed upon conviction pursuant to Code of Criminal Procedure Article 893 was in error and the prosecuting authority, the court, and the defendant intended that the imposition of sentence was to be deferred pursuant to Code of Criminal Procedure Article 893(E), such defendant may file a motion to reconsider the sentence for the sole purpose of considering that issue. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that a mutual mistake exists and that the defendant was in all other respects eligible for the benefits of Code of Criminal Procedure Article 893(E), the defendant shall be entitled to the benefits thereof, in accordance with law.
This provision was enacted by Acts 2008, No. 395, § 1, effective June 21, 2008. A motion to reconsider sentence under this special rule allows the trial court to correct a mistake made at the imposition of sentence; when the court meant to defer sentence under La.C.Cr.P. art. 893 E but did not do so, a defendant may ask the court to correct its error and allow the defendant the substantial benefits of dismissal under that article.
In the instant case, the defendant was convicted in 2007 and completed one year of probation, so his 2009 motion to amend his sentence would have been timely under the two-year time limitation reflected in La.C.Cr.P. art. 881.1 A(3). However, after a careful examination of the district court's 2009 judgment, we conclude that the relief *836 Curry obtained from the district court does not establish that the court has "set aside [Curry's] conviction and dismiss[ed] the prosecution" within the meaning of La.C.Cr.P. art. 893 E(2).
The procedures for the deferral of sentence under La.C.Cr.P. art. 893 E and the expungement of records under La. R.S. 44:9 are clearly spelled out in the statutes and have been the subject of much discussion in the jurisprudence; see, e.g., In re Elloie, 2005-1499 (La.1/19/06), 921 So.2d 882. Likewise, La.C.Cr.P. art. 881.1 A(3) sets out the proper procedure by which a person convicted of a felony may correct an error in the imposition of his original sentence regarding the deferral of sentence under La.C.Cr.P. art. 893 E.
In the instant case, the procedure that led to the court's 2009 judgment ordering expungement of Curry's records is suspect in several areas. Significantly, the defendant's motion makes no allegation, nor does the trial court's judgment make a finding, that Curry's suspended hard labor sentence was a "mutual mistake" and that the court intended to defer the imposition of sentence under La.C.Cr.P. art. 893 E. Further, the "motion to amend" was ruled on by a judge who was not the sentencing judge. Motions to reconsider sentence are to be decided by the judge who imposed the original sentence; the sentencing judge is clearly the appropriate judge to decide if a defendant's sentence was not deferred due to a "mutual mistake."
However, there is no need in this case to decide the validity vel non of the 2009 "Amended Sentence and/or Judgment" because that document does not, in fact, declare that the prosecution against Curry is dismissed in accordance with La.C.Cr.P. art. 893 E. The 2009 judgment first purports to amend the 2007 judgment of conviction to reflect that the former conviction "was taken under the provisions of [La. C.Cr.P.] Article 893." Indeed, it appears that the 2007 sentence was imposed under La.C.Cr.P. art. 893, but the sentence was imposed under Section A of that statute, not Section E. The trial court imposed sentence but suspended the hard labor portion of the sentence in favor of probation. The 2009 judgment does not order the 2007 judgment of conviction to be amended to reflect that sentence was deferred under La.C.Cr.P. art. 893 E nor does it otherwise declare that Curry was entitled to the benefits of that article per La.C.Cr.P. art. 881.1 A(3).
The 2009 judgment goes on to order that the "imposition of the sentence is suspended" "as specifically granted by Article 893." At the time this judgment was signed in 2009, there was no sentence left to suspend. At that time, Curry had apparently satisfied his probationary term, which was a condition of the suspension of Curry's hard labor sentence in 2007. Suspension of sentence is distinct from the deferral of sentence.
The 2009 judgment goes on to express the court's finding that the defendant has not been convicted of another offense during his probation and that he is not currently facing any other charge, but that language does nothing to relieve the defendant of his conviction. The last substantive language in the judgment orders various agencies and authorities to expunge Curry's conviction, presumably pursuant to La. R.S. 44:9, but the order of expungement does not specify that the prosecution against Curry is dismissed under La.C.Cr.P. art. 893 E. La. R.S. 44:9 provides, in part:
E. (1)(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which *837 were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
Because the 2009 judgment does not actually set aside Curry's felony conviction pursuant to La.C.Cr.P. art. 893 E, Curry is not entitled to the benefits of La. R.S. 44:9 E provided to persons whose convictions who have been dismissed, including the restoration of rights.
Since the 2009 judgment amending Curry's 2007 judgment of conviction and sentence is ineffective as a deferral under La.C.Cr.P. art. 893 E that could arguably allow him to qualify as a candidate for public office for purposes of La. Const. Art. 1, § 10, the judgment of the district court is affirmed at appellant's cost.
AFFIRMED.
BROWN, C.J., dissents with written reasons.
BROWN, Chief Judge, dissenting.
I respectfully dissent.
La.C.Cr.P. Art. 881.1(A)(3) provides:
In the event a defendant alleges mutual mistake in that the sentence imposed upon conviction pursuant to Code of Criminal Procedure Article 893 was in error and the prosecuting authority, the court, and the defendant intended that the imposition of sentence was to be deferred pursuant to Code of Criminal Procedure Article 893(E), such defendant may file a motion to reconsider the sentence for the sole purpose of considering that issue. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that a mutual mistake exists and that the defendant was in all other respects eligible for the benefits of Code of Criminal Procedure Article 893(E), the defendant shall be entitled to the benefits thereof, in accordance with law.[5]
Although his pleading was titled as a "Motion to Amend Judgment," defendant timely filed a motion for La.C.Cr.P. Art. 893(E) status. The prosecuting authority filed a certification that "[T]he State does not oppose this Honorable Court signing an order setting aside the conviction and dismissing the prosecution, in view of the fact that the plea was taken pursuant to the provisions of Article 893 of the Louisiana Code of Criminal Procedure . . ." What could be more clear than the sworn statement by the assistant district attorney, that the State did not oppose an order to set aside the conviction and dismiss the prosecution, in view of the fact that the plea was taken pursuant to Art. 893.
The majority opinion is based upon a restricted and narrow reading of the 2009 *838 judgement, concluding that the judgment suspended the original sentence rather that deferring its execution. Specifically, the majority surmised that "there was no sentence left to suspend." However, La. C.Cr.P. Art. 881.1(A)(3) allows the motion to be filed within two years of the completion of probation. The court does not have to revisit the sentence and expressly defer or suspend it. The 2009 judgment specifically expunged "said conviction" from all records. The language of the motion, the statement of the assistant district attorney, and the wording of the trial court's judgment are clear with no ambiguity. The court in 2009 obviously found the ADA's statement to be credible, and its judgment can only be interpreted as setting aside defendant's conviction and dismissing the prosecution.
As did the majority, I question the procedural correctness of the 2009 judgment, but it is a final judgment and no one has moved to set it aside for procedural irregularities or any other reasons. We also have not reached the question of whether a dismissal of prosecution under La.C.Cr.P. art. 893(E) removes the Constitutional disqualification for elective office.
NOTES
[1] The court allowed questions about his conviction and sentence over Curry's objection.
[2] He evidently satisfied his sentence after one year of probation.
[3] See Touchet v. Broussard, 2010-0380 (La.3/3/10), 31 So.3d 986, which conclusively decides that the automatic first offender pardon does not restore a person's right to be a candidate for public office.
[4] See, now, La.C.Cr.P. art. 893 E(1)(a).
[5] A similar provision for a felony conviction allowing a late motion to reconsider sentence with no mutual mistake requirement following participation in the intensive incarceration program is found in La.C.Cr.P. Art. 881.1(A)(4):

In cases when a defendant has successfully completed probation pursuant to the provisions of Code of Criminal Procedure Article 895(B)(3), the defendant may file a motion to reconsider the sentence for the purpose of determining whether the sentence should be set aside and the prosecution dismissed pursuant to the provisions of Code of Criminal Procedure Article 893. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that the defendant is eligible for the benefits of Code of Criminal Procedure Article 893(E), then the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution in accordance with law.