# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-708


**STATE OF LOUISIANA**

**VERSUS**

**MARK THOMAS WILLIAMS**
**AKA MARK T. WILLIAMS**
**AKA MARK WILLIAMS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80,022
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Mark Thomas Williams**
    **AKA Mark T. Williams**
    **AKA Mark Williams**

**Asa A. Skinner**
**District Attorney, 30th Judicial District Court**
**P.O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Terry Wayne Lambright**
**Assistant District Attorney, 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

Defendant, Mark Thomas Williams, was originally charged with several offenses: possession of marijuana, improper lane usage, open container in a vehicle, contributing to the delinquency of a juvenile, and possession of a controlled dangerous substance, marijuana, on the premises of a jail. On January 11, 2011, Defendant pled guilty to one count of contraband in a penal institution, a violation of La.R.S. 14:402, and one count of improper lane usage, a violation of La.R.S. 32:79. The remaining charges were dismissed.

Defendant was sentenced to three years hard labor, suspended, on the conviction for possession of contraband on the premises of a jail, with three years supervised probation, restitution to the Public Defender's Office, other special conditions, and ordered to pay a fine of seventy-five dollars, or fifteen days in jail, on the conviction for improper lane usage. Defendant filed a "Motion to Reconsider Sentence" on April 18, 2011. The trial court denied the motion without a hearing or written reasons.

Defendant appeals, asserting one assignment of error: The trial court erred when it denied him "the benefits available upon completion of his three-year probation as provided in La.Code Crim.P. art. 893 (E)(2)." For the following reasons, Defendant's sentence is affirmed.

## FACTS

On August 8, 2009, Defendant was pulled over for a traffic violation. As he was being booked into the Leesville City Jail for the above mentioned offenses, the police found on his person a baggie of a green leafy substance, which later proved to be marijuana.

## ASSIGNMENT OF ERROR

Defendant argues that because the trial court specifically denied the request for him to be sentenced pursuant to La.Code Crim.P. art. 893, he was deprived of

the option, or benefit, of petitioning the trial court to set aside the conviction and dismiss the prosecution following successful completion of the probationary period.

Louisiana Code of Criminal Procedure Article 893, in pertinent part, allows suspension or deference of sentence, except for certain enumerated offenses, as follows:

> A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. . . .
>
> . . . .
>
> E. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
>
> . . . .
>
> (2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. . . .

At the sentencing hearing, the trial court initially stated that "[t]here was a request by the Defense at the time of the plea that the Court consider sentencing under Article 893 and for concurrent sentences." However, following a recitation of the facts of the case and a review of Defendant's presentence investigation report, the trial court stated:

> All right sir. All right. He's a first felony offender. The Court is going to deny the request for an 893 though and sentence him as follows: On 80,022, possession of the contraband, that he serve three years at hard labor with the Louisiana Department of Corrections and there's no fine provision in that Article or in that statute so I—I'm not

2

entitled to impose any fine. I'm suspending the execution of the prison sentence and placing him on supervised probation[.]

Defendant argues the trial court's action of denying his request to be sentenced under Article 893 was premature. The State, however, argues in brief that it is not a matter of prematurity. The State contends that since the trial court suspended his sentence, rather than deferring the imposition of a sentence, the benefit of petitioning for the conviction to be set aside and the prosecution dismissed is not available to Defendant.

At the guilty plea hearing, the only discussion of Article 893 was a brief remark made by defense counsel that Defendant was "requesting consideration for these pleas under Article 893[.]" Despite the brevity of the language and the trial court's apparent refusal to sentence Defendant pursuant to Article 893, it essentially did grant Defendant's request. Louisiana Code Criminal Procedure Article 893(A) is the statutory authority to suspend a sentence under certain conditions.

Furthermore, as pointed out by the State, there is no option to request the conviction be set aside and the prosecution dismissed when a sentence is suspended, as opposed to when the imposition of a sentence is deferred. Accordingly, the trial court's decision to sentence Defendant pursuant to Article 893(A) was not premature. *See Horton v. Curry*, 45,871 (La.App. 2 Cir. 7/22/10), 44 So.3d 830, wherein the second circuit, while discussing expungement of a criminal record, noted that only when the imposition of a sentence was deferred pursuant to La.Code Crim.P. art. 893(E)(1)(a) at the time of sentencing could the record be ultimately expunged. *See also State v. Comardelle*, 06-251 (La.App. 5 Cir. 9/26/06), 942 So.2d 1126.

Defendant does not challenge the legality of this sentence otherwise. In *State v. Sibley*, 09-1104 (La.App. 3 Cir. 6/2/10), 41 So.3d 581, this court has held

3

that a trial court has vast discretion in imposing sentences and the sentence shall not be set aside absent manifest abuse of discretion. Moreover, "[t]he relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)." *Id*. at 583 (quoting *State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331). At the sentencing hearing, the trial court noted that, while Defendant was a first time felony offender, he had several misdemeanor offenses including assault, theft, trespass, operating a vehicle while intoxicated, and improper telephone communications and that on two occasions he had not terminated probation satisfactorily. He also had two pending felony charges in Texas. The trial court did not abuse its discretion when it refused to defer imposition of sentence but instead suspended the sentence.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED**.

4