# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 14-530


**STATE OF LOUISIANA**

**VERSUS**

**DAVID JOHN MERRILL**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 123043
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## J. DAVID PAINTER
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**Lewis H. Pitman Jr.**
**Attorney at Law**
**209 W. Main St.**
**New Iberia, LA 70560**
**(337) 365-3800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**    David John Merrill**

**Jacques Joseph Cousin, Jr.**
**Cousin & Cousin**
**209 French St**
**New Iberia, LA 70506**
**(337) 367-2581**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**State of Louisiana**

**Walter James Senette, Jr.**
**ADA -  St. Mary Parish**
**500 Main Street 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**State of Louisiana**

**PAINTER, Judge.**

The plaintiff, State of Louisiana (State), appeals the judgment denying its petition to challenge the qualifications of the defendant, David John Merrill (Mr. Merrill), and to remove him from public office. Having found no error on the part of the trial court in applying the law, we affirm the judgment of the trial court.

I.

**ISSUE**

We must decide whether the trial court erred in interpreting and applying the pertinent law in denying the State's petition to disqualify and remove Mr. Merrill from the public office he holds.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Merrill is an elected official currently serving his second term as a City of New Iberia councilman in District 4. Mr. Merrill was first commissioned in January 2009. He ran unopposed in October 2012, was re-elected, and began serving his second term in January 2013. In August 2013, the Iberia Parish District Attorney's Office, on behalf of the State of Louisiana, filed a petition challenging Mr. Merrill's qualifications to serve in public office and seeking to remove him based upon a 2003 drug arrest and guilty plea.

The facts are not in dispute. In April 2003, Mr. Merrill was arrested and pled guilty to possession of marijuana, a misdemeanor, and to possession of cocaine, a felony. In accordance with his plea agreement under La.Code Crim.P. art. 893, the trial court did not impose sentence upon Mr. Merrill but placed him in the Sixteenth Judicial District Drug Court program on supervised probation. Mr.

2

Merrill completed the program and, in 2005, filed a motion to dismiss and expunge the arrest, prosecution, and conviction which forms the basis of this suit. On June 14, 2005, Assistant District Attorney R. Vines, for the Parish of Iberia, signed the form entitled "Waiver of Objection to Motion to Dismiss and Expunge." The order of dismissal and expungement was granted on June 15, 2005.

Expungement does not prevent certain agencies from obtaining records that have been removed from public access. The Iberia Parish District Attorney's Office is such an agency. On August 14, 2013, in conjunction with the present civil suit, it filed a motion for production of the 2003 record of the criminal proceeding, docketed as 03-668 in the Sixteenth Judicial District Court in the Parish of Iberia. The record does not contain any evidence that the District Attorney's Office sought to investigate Mr. Merrill's qualifications for office before or after his first election in 2009, nor any information regarding the reason for the District Attorney's petition to remove him eight months into his second term.

The State's basis for its petition is La.Const. art. 1, § 10, which disqualifies an individual with a felony conviction from running for public office if the person has not received a governor's pardon, or if fifteen years have not passed since the completion of the sentence imposed. Mr. Merrill's position is that the dismissal and acquittal granted him under La.Code Crim.P. art. 893 and the expungement and restoration of rights granted to him under La.R.S. 44:9 prevents his disqualification. Where no facts are in dispute, we review the trial court's application of the pertinent law.

3

## III.

## STANDARD OF REVIEW

Questions of law involving the correct interpretation of legislation are reviewed de novo, without deference to the legal conclusions of the trial court. *Durio v. Horace Mann Ins. Co.*, 11-0084 (La. 10/25/11), 74 So.3d 1159. Whether a trial court was legally correct in its interpretation and application of the felony expungement statute is reviewed de novo to determine whether the lower court was legally correct. *State v. Jenkins*, 12-815 (La.App. 3 Cir. 12/12/12), 103 So.3d 1292, *writ denied*, 13-96 (La. 6/14/13), 118 So.3d 1081.

## IV.

## LAW AND DISCUSSION

The State contends that the pivotal issue in this case is a conflict between the disqualifying provisions of La.Const. art. 1, § 10 and the acquittal and expungement provisions of La.Code Crim.P. art. 893 and La.R.S. 44:09. It cites *State v. Gibson*, 12-1145 (La. 1/29/13), 107 So.3d 574, as support for its position that, when there is such a conflict of laws, the Louisiana Constitution will always prevail. While this general precept is true, we find no conflict between the constitutional article and the codal and statutory provisions under review in this case.

"It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose." *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548, p. 20 (La. 10/1/07), 986 So.2d 1, 17 (citations omitted). Therefore, "courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless

4

and surplusage if a construction giving force to, and preserving, all words can legitimately be found." *Id.* In order to give every word meaning, we should consider the law in its entirety in *pari materia* with other laws concerning the same subject matter. *See Fulmer v. State, Dept. of Wildlife and Fisheries*, 10-2779, p. 9 (La. 7/1/11), 68 So.3d 499, 505. When considering La.Code Crim.P. art. 893, La.R.S. 44:9, and La.Const. art. 1, § 10, in *pari materia*, we find that Mr. Merrill is not a *convicted and sentenced* felon within the meaning of La.Const. art. 1, § 10.

More specifically, Article 1 of the Louisiana Constitution is entitled "DECLARTION OF RIGHTS." Section 10, entitled "Right to Vote; Disqualification From Seeking or Holding an Elective Office," addresses the rights of citizens to vote and to run for public office; and it addresses the temporary suspension of those rights for a person who has been convicted *and sentenced* for a felony offense. Louisiana Constitution Article 1, Section 10 (emphasis added), provides as follows:

> (A) Right to Vote. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, *except that this right may be suspended while a person is* interdicted and judicially declared mentally incompetent or is *under an order of imprisonment for conviction of a felony*.

> (B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:

> (1) *A person who has been convicted within this state of a felony and who has exhausted all legal remedies*, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies *and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such*

> *authority to pardon in the place where the person was convicted and sentenced.*

> (2) A person *actually under* an order of *imprisonment* for conviction of a felony.

> (C) Exception.    Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, *who has been convicted of a felony and who has served his sentence*, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.

Based upon the foregoing, a person who has had a felony conviction, in general, must wait fifteen years from the end of his served sentence before he can qualify to run for public office, unless he has received a governmental or presidential pardon.  However, all of the above subparts of Section 10 apply to an individual who was *sentenced and served a sentence* following a conviction for a felony offense.  Mr. Merrill was never sentenced.  Because of the nature of the felony, and his entry into the drug court program under La.R.S. 13:5304, his case was dismissed and he was acquitted under La.Code Crim.P. art. 893(E).  Further, his record was expunged under La.R.S. 44:9 with a full restoration of rights.  Mr. Merrill appears to be the first elected official in appealed litigation whose acquittal and expungement were accomplished by a legitimate application of La.Code Crim.P. art. 893.[1]  Thus, whether La.Code Crim.P. art. 893, properly applied, is in conflict with La.Const. art. 1, § 10, is a matter of first impression.

Louisiana Code of Criminal Procedure Article 893 is now entitled "Suspension and deferral of sentence and probation in felony cases."  When it was

---

[1] The District Attorney's Office is not challenging the legitimacy of the application of La.Code Crim.P. art. 893 or the expungement granted under La.R.S. 44:9 in Mr. Merrill's case.  Its position is that the relief granted by this legislation is in conflict with La.Const. art. 1, § 10.

enacted in 1966, the title did not contain "and deferral," which was added in 1996 when a new paragraph (then D, now E) was enacted "authorizing deferment of imposition of a sentence after conviction of a first offense noncapital felony." La.Code Crim.P. art. 893, Historical and Statutory Notes. It is clear that Mr. Merrill's sentence was deferred, not suspended, which is significant, as the statute and the interpreting jurisprudence make important distinctions between the two. While the paragraphs addressing the suspension of sentences are not applicable to Mr. Merrill's case, we will briefly discuss Paragraph (A) for comparison purposes. The deferral of Mr. Merrill's sentence in 2003 falls squarely under current Paragraph (E), including the subparagraphs added in 2008 with retroactive effect. Paragraphs (A) and (E) of La.Code Crim.P. art. 893 (emphasis added) provide in pertinent part:

> A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, *may suspend*, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. . . . *The suspended sentence shall be regarded as a sentence* for the purpose of granting or denying a new trial or appeal. **. . .**
>
>     . . . .
>
> E. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court *may defer*, in whole or in part, *the imposition of a sentence after conviction of a first offense noncapital felony* under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
>
>     . . . .
>
>     (2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the

probation of the defendant has been satisfactory, the *court may set the conviction aside and dismiss the prosecution.* The *dismissal* of the prosecution *shall have the same effect as acquittal*, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.

(3)(a) When a case is accepted into a drug court division probation program pursuant to the provisions of R.S. 13:5304 and at the conclusion of the probationary period the court finds that the defendant has successfully completed all conditions of probation, the court with the concurrence of the district attorney may *set aside the conviction and dismiss prosecution*, whether the defendant's sentence was suspended under Paragraph (A) of this Article or deferred under Subparagraph (1) of this Paragraph. The *dismissal* of prosecution *shall have the same effect as an acquittal*, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.

. . . .

(c) *Dismissal* under this Paragraph *shall have the same effect as an acquittal for purposes of expungeme*nt under the provisions of R.S. 44:9 and may occur only once with respect to any person.

. . . .

Thus, Paragraph (A) provides generally for the suspension of sentences for first *and* second noncapital felony convictions but does not provide for dismissal of the convictions and acquittal after the probationary period. And it specifically states that "the suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal."

By contrast, Paragraph (E) provides for the deferral of a sentence for a first offense only, with a setting aside of the conviction and a dismissal of the

8

prosecution which "shall" have the same effect as an acquittal. However, even when expunged from public access, the records of felony convictions can never be destroyed as they are needed to prevent repeated use of the statute and to determine status if the person offends again, which is not at issue here. See La.Code Crim.P. art. 893; La.R.S. 44:9; La.R.S. 13:5304. As indicated, Paragraph (E) does not contain the language that equates a "deferral" with a "sentence" because a deferred sentence is one that has never been imposed. In addition to the dismissal and acquittal granted under Paragraph (E) of La.Code Crim.P. art. 893, Mr. Merrill obtained an expungement of his record under La.R.S. 44:9, which provides in subparagraph (E)(1) (emphasis added):

> (b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction *dismissed pursuant to Article 893* of the Code of Criminal Procedure. Upon the entry of such an order of expungement, *all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.*

As previously discussed, the only condition on the acquittal granted in Article 893, which applies to felonies only, is that the dismissed conviction can be used for purposes of deciding penalties in the case of a multiple offender. The reference to Article 894 is inapplicable as it applies to misdemeanors only. In further support of the defendant's restoration of rights in La.R.S. 44:9(E)(1)(b) above, La.R.S. 44:9(I) provides that expungement relieves the person from having to disclose that he was arrested or convicted for the subject offense or that his record was expunged, except as to entities listed in subsection G.

9

In numerous cases not involving drug division programs, the courts have denied expungement claims because the first offender's sentence was found to have been imposed and suspended rather than deferred under La.Code Crim.P. art. 893. *See, e.g., State v. Hodge*, 38,796 (La.App. 2 Cir. 8/18/04), 880 So.2d 983; *State v. Oliver*, 38,520 (La.App. 2 Cir. 5/12/04), 874 So.2d 365; *State v. Tumblin*, 03-1193 (La.App. 5 Cir. 2/23/04), 868 So.2d 902; and *State v. Williams*, 11-708 (La.App. 3 Cir. 2/1/12), 82 So.3d 1290. For those cases, dismissal and acquittal under La.Code Crim.P. art. 893, which was prerequisite to expungement under La.R.S. 44:9(E), was only available if the defendant's sentence had been deferred. Deferral was the key to dismissal and expungement, and the courts looked hard at the criminal proceeding to determine whether dismissal was appropriate.

Two such cases dealt with candidates for public office. In *Horton v. Curry*, 45,871 (La.App. 2 7/22/10), 44 So.3d 830, a candidate for the office of police chief was disqualified under La.Const. art. 1, § 10, on the basis of his felony conviction for illegal possession of stolen things. In affirming disqualification by the district court, the second circuit found that the judge in the 2007 criminal proceeding had imposed and then suspended Curry's sentence, rather than opting to defer sentencing. The court further found that the 2009 amended judgment failed to dismiss the conviction and order expungement of the record because it did not declare that the 2007 prosecution was dismissed pursuant to the statutory provision that triggers the restoration of all rights lost or suspended by the felony conviction. In determining that the amended judgment was also insufficient to

10

correct the sentence under La.Code Crim.P. art. 881.1(A)(3),[2] the second circuit stated:

> The procedures for the deferral of sentence under La.C.Cr.P. art. 893 E and the expungement of records under La. R.S. 44:9 are clearly spelled out in the statutes and have been the subject of much discussion in the jurisprudence; see, e.g., *In re Elloie*, 2005-1499 (La.1/19/06), 921 So.2d 882. Likewise, La.C.Cr.P. art. 881.1 A(3) sets out the proper procedure by which a person convicted of a felony may correct an error in the imposition of his original sentence regarding the deferral of sentence under La.C.Cr.P. art. 893 E.
>
> . . . .
>
> Indeed, it appears that the 2007 sentence was imposed under La.C.Cr.P. art. 893, but the sentence was imposed under Section A of that statute, not Section E. The trial court imposed sentence but suspended the hard labor portion of the sentence in favor of probation. The 2009 judgment does not order the 2007 judgment of conviction to be amended to reflect that sentence was *deferred* under La.C.Cr.P. art. 893 E nor does it otherwise declare that Curry was entitled to the benefits of that article per La.C.Cr.P. art. 881.1 A(3).

*Horton v. Curry*, 44 So.3d at 836 (emphasis added). In conclusion, the second circuit stated:

> Because the 2009 judgment does not actually set aside Curry's felony conviction pursuant to La.C.Cr.P. art. 893 E, Curry is not entitled to the benefits of La. R.S. 44:9 E

---

[2]     (3) In the event a defendant alleges mutual mistake in that the sentence imposed upon conviction pursuant to Code of Criminal Procedure Article 893 was in error and the prosecuting authority, the court, and the defendant intended that the imposition of sentence was to be deferred pursuant to Code of Criminal Procedure Article 893(E), such defendant may file a motion to reconsider the sentence for the sole purpose of considering that issue. Such motion shall be filed within two years of the date of successful completion of the probation imposed by the court. If the court finds that a mutual mistake exists and that the defendant was in all other respects eligible for the benefits of Code of Criminal Procedure Article 893(E), the defendant shall be entitled to the benefits thereof, in accordance with law.

La.Code Crim.P. art. 881.1(A)(3).

> provided to persons whose convictions [sic] have been dismissed, including the restoration of rights.
>
> Since the 2009 judgment amending Curry's 2007 judgment of conviction and sentence is ineffective as a *deferral* under La.C.Cr.P. art. 893 E *that could arguably allow him to qualify as a candidate for public office for purposes of La. Const. Art. 1, § 10,* the judgment of the district court is affirmed at appellant's cost.

*Id.* at 837 (emphasis added).

Similarly, the second circuit, in an earlier case, affirmed the disqualification of a candidate for the city council in *Turner v. James*, 37,405 (La.App.2d Cir.2/27/03), 840 So.2d 662, *writ denied*, 03-0618 (La. 3/3/03), 839 So.2d 20. James pled guilty to attempted obstruction of justice in 1989. When his candidacy was challenged in 2003, he filed a "Motion for Benefit of Article 893" and obtained an "Order Providing for 893 Benefits" according to the court's minutes. The minutes of court for the 1989 conviction were also amended to show "charge of Attempted Obstruction of Justice: Dismissal of the Prosecution by the State of Louisiana. Accordingly the conviction is hereby set aside and the prosecution is dismissed." *Id*. at 663.

In affirming the trial court's disqualification of James for candidacy under La.Const. art. 1, § 10, the second circuit found that the record did not contain a copy of the motion and the order for 893 benefits that were referenced in the minutes. The court further found that the criminal court judge who signed the order could not validly set aside James's conviction and dismiss the prosecution because the sentence had actually been imposed and suspended, not deferred under Article 893 (D)—(now E). Thus, his argument that he had been acquitted under Article 893 was rejected. However, the court stated: "[W]e do not reach the

12

question of the effect of a *legitimate art. 893 proceeding* on the qualifications for an elected office." *Id.* at 665 n.2 (emphasis added).

In the present case, we have a legitimate 893 proceeding. In the 2003 criminal proceeding, wherein Mr. Merrill was required to plead guilty in order to enter the court's drug division probation program, the trial judge explained the range of "possible" sentences but made it clear that he was not imposing sentence. In addressing Mr. Merrill, the court stated: "In exchange for your guilty plea, I have agreed not to impose sentence but to place you on five years of probation, the main condition being that you enter into and successfully complete the drug court program together with these other conditions in your plea agreement." Shortly thereafter, the court stated: "In accordance with your plea agreement, under Code of Criminal Procedure Article 893, I'm not going to impose sentence." The court then went through the extensive requirements of the drug probation agreement. Ten years later, in the present civil proceeding, the same trial judge specifically referred to his prior adjudication as a deferral of Mr. Merrill's sentence.

Therefore, because Mr. Merrill's sentence was deferred, meeting the requirements of (E)(1) and (2), Mr. Merrill was properly granted a dismissal and acquittal under La.Code Crim.P. art. 893, and he was properly granted expungement and restoration of rights under La.R.S. 44:9(E). Additionally, Mr. Merrill obtained those benefits under 893(E)(3)(a), which was enacted in 2008 with retroactive effect, because in 2005 he had successfully completed the drug division probation program of La.R.S. 13:5304. This particular subparagraph relating to drug court probationers specifically provides for dismissal and acquittal, whether the probationer's sentence was deferred under (E) or suspended under (A);

13

and (E)(3)(c) again makes the acquittal effective for purposes of expungement under La.R.S. 44:9.

The requirements under La.R.S. 13:5304 are stringent, and probationers enter the program through the combined efforts of the District Attorney and the presiding judge after detailed interviews and determinations regarding eligibility. Pursuant to La.R.S. 13:5304(B)(11)(a), the trial judge makes the final determination for entry into the program; pursuant to La.R.S. 13:5304(D)(1)-(2), the District Attorney makes the determination at completion regarding dismissal and acquittal pursuant to La.Code Crim.P. art. 893 and 894. Assistant District Attorney R.Vines made that determination in Mr. Merrill's case on June 14, 2005, when he signed the "Waiver of Objection to Motion to Dismiss and Expunge." In fact, the State in this case is not objecting to the fact or the validity of the deferral in Mr. Merrill's case or to the processes used.

Instead, the State's assignment of error is based on a perceived conflict between the disqualification provisions of La.Const. art. 1, § 10, and the dismissal, acquittal, and restoration of rights provisions of La.Code Crim.P. art. 893 and La.R.S. 44:9. As previously indicated, La.Const. art. 1, § 10, repeatedly references felony convictions resulting in sentences imposed and served. No sentence was ever imposed upon or served by Mr. Merrill. In the only two cases discussing the same issues, *Horton v. Curry* and *Turner v. James*, the candidates were disqualified based upon the fact that sentences were imposed. The second circuit in those cases specifically limited their holdings and indicated that a legitimate deferral of sentence under Article 893 could allow the candidates to qualify for office under La.Const. art. 1, § 10.

14

We find no error on the part of the trial court in finding that the deferral, acquittal, and restoration of rights in Mr. Merrill's case, removes him from the purview of La.Const. art. 1, § 10.

## V.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court with costs assessed to the appellant.

**AFFIRMED.**